PETITION OF CYRILL KOLOCOTRONIS.

No. 10977.
Decided June 15, 1965.
402 P.2d 977.

PER CURIAM.

Cyrill Kolocotronis, a resident of the State Hospital at Warm Springs, requests the issuance of a writ of habeas corpus. He states that he was sentenced to 90 days in the Cascade County jail for creating a disturbance and thereafter committed to the State Hospital. He alleges he was not allowed to request a lawyer during his hearing and to gather witnesses to challenge the commitment and that such rights are constitutional and he should not have been deprived of them.

This court secured the original court file from the district court of Cascade County and our examination thereof dis-

closes that an affidavit of insanity was filed on January 13, 1965, and warrant of apprehension issued and the warrant and copy of the affidavit were served upon Kolocotronis the same day. On the 18th day of January, 1965, the district court made an order setting the hearing for January 20, 1965, at the Deaconess Hospital in Great Falls, which order discloses that Kolocotronis' mother, Mary Kolocotronis, lived in Great Falls and ordered that she be notified. The district court minutes for January 18, 1965, state that the Honorable Truman G. Bradford, Judge, G. Swanberg, Deputy County Attorney, Phil Burgess, Deputy Sheriff, and M. Green, Deputy Clerk of Court, went to the Deaconess Hospital and served Cyrill Kolocotronis with the order setting day of hearing and the Judge informed him of his right to obtain counsel to represent him at hearing. From the files it appears that both a notice and a subpoena were issued by the Clerk for service upon Mary Kolocotronis and they were served upon her and she was present at the time of the hearing. Two doctors were subpoenaed to attend the hearing and they did attend and they executed their certificate certifying that they had examined Kolocotronis and that he was so far disordered in his mind as to endanger health, person, or property, and that his mental condition was such that he was unsafe to be at large in the community. Another doctor was subpoenaed as a witness and he attended the hearing and testified. The proceedings appear to be in conformity with sections 38-201 through 38-208, R.C.M.1947.

Our statutes, supra, provide that only upon proceedings such as were here had can the district judge, after such examination and certificate made, if he believes the person so far disordered in his mind as to endanger health, person, or property, order such person confined in the state hospital, as was done in this instance.

Section 38-109, R.C.M.1947, as amended, provides:

"*Discharge of patients.* The department of public institutions must cause to be discharged from the Montana state hospital

any patient upon the written report of the hospital medical staff, that such patient is in satisfactory mental condition to be discharged. Such written report must be filed and kept in the office of the department, and every inmate on recovery must be ordered released, without requiring a sponsor."

No such written report has been issued by the hospital medical staff. We must therefore assume that in the opinion of the hospital medical staff Mr. Kolocotronis is not in satisfactory mental condition to be discharged.

With respect to the contentions of Mr. Kolocotronis here, where the district judge and court attendants went to the hospital where Kolocotronis was, to advise him of the date of hearing and his privilege to have counsel, notified his mother and she was in attendance at the hearing, which was held in the hospital, that everything was done by the court to see that the rights of Kolocotronis were protected and no advantage was taken of him. Too, the district court file indicates that Kolocotronis had been previously in other hospitals because of his mental illness.

For these reasons we do not believe a writ should issue and the same is therefore denied. The proceeding is dismissed.