DANIEL LON GRAHAM *v.* STATE OF ARKANSAS

5757                                                      486 S.W. 2d 678

Opinion delivered November 20, 1972

*John Lineberger, Public Defender,* for appellant.

*Ray Thornton,* Atty. Gen., by: *Henry Ginger, De-*

*puty Atty. Gen.,* for appellee.

CONLEY BYRD, Justice. Appellant Daniel Lon Graham escaped from the pentitentiary while serving a life sentence for kidnapping a banker's wife. During that escape he robbed a Safeway Store at Springdale and at gun point directed the three store employees to accompany him to a lonely spot on Hickory Creek Road. After forcing the three young men to lie face down in the tall grass, he shot each of them in the back of the head. The jury found him guilty of murder in the first degree for the killing of Gene Allen Franco. Since the jury did not recommend a life sentence pursuant to Ark. Stat. Ann. § 43-2153 (Repl. 1964), his punishment was fixed at death by electrocution. Appellant's only contention is that the death sentence constitutes cruel and unusual punishment.

Both the Arkansas Constitution, Art. 2, § 9 and the U. S. Constitution, Eighth Amendment, prohibit "cruel and unusual punishment." Under the Arkansas Constitution, the death penalty does not constitute "cruel and unusual punishment." See *Davis* v. *State,* 246 Ark. 838, 440 S.W. 2d 344 (1969). However, the U.S. Supreme Court. as presently constituted, has recently decided that where a jury is permitted to decide between the punishments of life and death, the death penalty constitutes "cruel and unusual punishment" and that such interpretation is applicable to the several states through the Fourteenth Amendment. See *Furman* v. *Georgia,* 408 U.S. 238 (1972).

So long as the ruling in *Furman* v. *Georgia, supra,* is made applicable to this State, we are obliged to reduce appellant's sentence from death to life imprisonment as being the next highest available penalty, Ark. Stat. Ann. § 43-2308 (Repl. 1964). In reducing the penalty, we must recognize that a second life sentence against appellant does not necessarily mean that his punishment will be greater or more severe, nor can we say with certainty that he will be any less likely to escape in the future.

Since the commitment to be issued by the trial court may effect the appellant's status as a prisoner we are remanding to the trial court for consideration of consecutive or concurrent sentences.

Affirmed as modified and remanded.