DANIEL LON GRAHAM v. STATE OF ARKANSAS

CR 73-61                                    495 S.W. 2d 864

Opinion delivered June 25, 1973

*John Lineberger* and *John Barry Baker,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Charles A. Banks,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. In *Graham* v. *State,* 253 Ark. 462, 486 S.W. 2d 678 (1972), we were "obliged to reduce appellant's sentence" for his first degree murder conviction "from death to life imprisonment as being the next highest available penalty." We, also, remanded the case to the trial court for consideration as to whether such life sentence should run concurrently or consecutively with appellant's prior life sentence "[s]ince the commitment to be issued by the trial court may affect appellant's status as a prisoner. . . ." On this appeal, appellant contends the lower court erred in directing that his life sentences be served consecutively. We cannot agree.

The trial court considered, and rightfully so, the effect the consecutive sentences could have upon "appellant's status as a prisoner." Further, the question of whether two separate sentences should run concurrently or consecutively lies solely within the province of the trial court. Ark. Stat. Ann. § 43-2312 (1971 Supp.); *Hayes* v. *State,* 169 Ark. 883, 277 S.W. 36 (1925); *Higgins* v. *State,* 235 Ark. 153, 357 S.W. 2d 449 (1962).

Neither can we agree with appellant's subordinate contention that the trial court erred in failing to direct that appellant's money ($358) taken from him upon his arrest be returned. In the circumstances, we cannot say that the method employed by the trial court in directing the $358 be paid into the county treasury, in partial satisfaction of the costs (approximately $5,000) of appellant's trial is prejudicial to appellant since the method he urges the court should have followed would achieve the same result.

Affirmed.