**UNITED STATES of America, Appellee,**

v.

**Alfred GLASS, Appellant.**

**No. 82–2342.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 12, 1983.

Decided Nov. 1, 1983.

**22**

Springfield Baldwin, Court-appointed atty., St. Louis, Mo., for appellant Alfred Glass.

Thomas E. Dittmeier, U.S. Atty., Michael K. Fagan, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before BRIGHT, ARNOLD and FAGG, Circuit Judges.

ARNOLD, Circuit Judge.

Alfred Glass was convicted on his plea of guilty of two offenses: being a convicted felon in possession of a firearm which was in or affecting commerce, and possessing an unregistered sawed-off shotgun (the same firearm). The District Court[1] sentenced him to two years on the first charge and ten years on the second, the sentences to run consecutively.[2] After a motion for reduction of sentence was denied, defendant moved to withdraw his guilty plea under Fed.R.Crim.P. 32(d). The motion was denied on October 28, 1982, and this appeal followed. We vacate and remand for further proceedings.

**I.**

At the time of defendant's plea of guilty, the District Court asked the Government to outline what its proof would be if the case went to trial. An Assistant United States Attorney, in doing so, omitted any reference to the shotgun's having traveled in interstate commerce. An essential element of the offense defined by 18 U.S.C.App. § 1202(a)(1) (1976) (felon in possession of a firearm) is that the weapon involved be somehow in or affecting interstate commerce. It is commonly shown in such cases, for example, that the gun was manufactured in another state and shipped into the forum. The issue was not even referred to during the United States' statement of its case during the guilty-plea proceedings. Defendant therefore argues that the District Court could not have satisfied itself that there was a factual basis for his plea, as required by Fed.R.Crim.P. 11(f).

A Rule 32(d) motion to withdraw a guilty plea will be granted only to avoid manifest injustice. And not every violation of Rule 11 entitles a defendant to post-conviction relief. Errors merely formal or technical are disregarded. *United States v. Timmreck*, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979). The Government points out that a defendant, in order to be convicted under Section 1202(a)(1), need not know that the gun has traveled in or is connected with interstate commerce. He need know only that he is a convicted felon and that he has possessed a firearm, and the Government's proffer on those points was ample. On the other hand, some nexus with interstate commerce is an element of the offense, and perhaps of federal power under the Constitution. The Rule 11(f) requirement that there be a factual basis for a plea must mean that there must be a factual basis for every element of the crime charged.

1. The Hon. Clyde S. Cahill, United States District Judge for the Eastern District of Missouri.

2. Both the defendant and the Government state that the time on the two counts was made consecutive, Brief for Appellant at 10; Brief for Appellee at 3, and that was apparently the District Court's intention, see Tr. 34–35. The Judgment and Commitment Order, however, signed by the District Court and filed by the clerk of that court states that the "[t]erm of imprisonment imposed under Count 2 is to run concurrently with that imposed under Count 1 for a Total of 10 YEARS imprisonment." Designated Record (D.R.) 4. Where an oral sentence and the written judgment conflict, the oral sentence controls, *Johnson v. Mabry,* 602 F.2d 167, 170 (8th Cir.1979). The trial court retains the power to correct mistakes in court records to make the court records consistent with the judgment of the court. *Id.;* Fed.R. Crim.P. 36. On the other hand, the District Court may have changed its mind after the sentencing proceeding in open court and decided to give defendant only ten years. Defendant may bring this matter to the Court's attention on remand for such corrective action, if any, as the Court may choose to take. If in fact the Court intended a ten-year sentence, it may so state, and its statement will control.

Here, however, the Government says that in fact it had a factual basis at the time of the plea with respect to the interstate-commerce nexus. It has filed as an appendix to its brief in this Court an affidavit of defendant's court-appointed trial counsel that the Government showed him documentary evidence that the shotgun originated in Massachusetts, and that he discussed this aspect of the proof with Glass before the guilty plea was entered. Defendant's court-appointed appellate counsel says we may not consider this affidavit, because it is not in the record and was not before the District Court, and he is right. But if in fact the Government can show that it had evidence of the interstate connection, and that the evidence was known to Glass and his lawyer, the violation of Rule 11 that defendant now urges would be revealed as merely formal. No substantial right of defendant would be infringed, and no manifest injustice would occur if the conviction is upheld. A conviction should not be set aside because of an inadvertent failure of the prosecution to state on the record its proof of an element of the crime that it was fully prepared to demonstrate.

The order denying the Rule 32(d) motion will therefore be vacated, and the cause remanded to give the Government a chance, in an evidentiary hearing, to make an appropriate showing along the lines of its representations to us. If the Government can show the interstate-commerce element, then the factual basis for the offense will be fully established.

## II.

Glass also argues on appeal that the sentencing judge was biased against him in meting out his sentence. He contends that the judge's lack of impartiality manifested itself on numerous occasions throughout the sentencing: (1) The judge said, referring to prior charges against defendant, that "sometimes where apparently he [Glass] should have pleaded guilty [but] for reasons not due to any righteousness on his part, he wasn't convicted." Tr. 17. (2) The judge lectured Glass, and parts of the lecture read like inverse discrimination by one black man against another. Tr. 28–29. (Both Judge Cahill and defendant Glass are black). (3) The judge stated that Glass has several children by different women, and the state has to take care of the children; Glass's home situation did not "endear" Glass to the judge. Tr. 17–18.

These arguments were not made before the District Court. The general rule is that a federal appellate court does not consider an issue not raised below. *E.g., Hormel v. Helvering,* 312 U.S. 552, 556, 61 S.Ct. 719, 721, 85 L.Ed. 1037 (1941). There are exceptions to this rule, including cases "where 'injustice might otherwise result.' " *Id.* at 557, 61 S.Ct. at 721. Glass was not represented by counsel in the trial court at the time he made his post-conviction motions. It would be unfair, we think, to foreclose completely any consideration of the arguments he now raises. This case is being remanded in any event, moreover, for further proof on the interstate-commerce issue. In these circumstances, we decline to address at this time Glass's claims of bias. The District Court should consider them on remand.[3] We intimate no view on the merits of these arguments.[4]

Glass's appointed counsel on appeal has performed diligently and effectively. The District Court may wish to appoint him to represent Glass on remand.

The judgment is vacated, and the cause remanded for further proceedings consistent with this opinion.

It is so ordered.

---

**3.** It is not at all unusual for a judge to be called upon to evaluate his or her own impartiality. For example, in recusal motions judges make at least the initial determination whether to recuse themselves.

**4.** Glass also argues that the trial court was biased because it expressed its extreme disapproval of sawed-off shotguns, and that he should be given a trial to assert the defense of "necessity," that is, that he had the shotgun in his hands only to keep it from his children, who had found it somewhere. This so-called defense was not mentioned at the time of the plea. We reject these arguments. The District Court need not concern itself with them.