**UNITED STATES of America, Appellee,**

v.

**Glenn STEWART, Appellant.**

**No. 84–1010.**

United States Court of Appeals,
Eighth Circuit.

Submitted June 27, 1984.

Decided Aug. 7, 1984.

---

Richard Schrodermier, Cedar Rapids, Iowa, for appellant.

Paul C. Lillios, Asst. U.S. Atty., N.D. Iowa, Cedar Rapids, Iowa, for appellee.

Before ROSS, McMILLIAN and FAGG, Circuit Judges.

**PER CURIAM.**

Glenn Stewart appeals from a final judgment of conviction entered in the District Court[1] for the Northern District of Iowa upon his plea of guilty to four counts of unlawful possession of food stamps, in violation of 7 U.S.C. § 2024(b)(1), and one count of illegal possession of an unregistered sawed-off shotgun, in violation of 26 U.S.C. §§ 5861(d), 5871. Appellant was sentenced to four years imprisonment followed by four years probation, and ordered to make restitution in the sum of $3,725.00. For reversal appellant argues that the district court erred in (1) accepting his guilty plea without inquiry into whether his willingness to plead guilty was the result of a plea bargain, (2) failing to establish a factual basis for the guilty plea to the firearms offense, and (3) not permitting him to challenge the accuracy of information contained in the presentence report. For the reasons discussed below, we affirm in part, vacate the judgment in part, and remand to the district court for further proceedings.

■ Appellant's allegation that the district court did not make a full inquiry into the plea bargain is completely meritless. The transcript of the guilty plea hearing reveals that appellant responded in the negative when asked if his plea was the result of any threats or promises other than those set forth in the plea agreement. Those terms of the plea bargain were read into the record, and both appellant and his attorney acknowledged those terms without addition or correction. The terms clearly provided that appellant was entering a plea of guilty to five counts of the indictment and the government would make no recommendation regarding sentencing. The court had earlier ascertained that appellant understood the elements of the offenses to which he was pleading guilty and the maximum sentence the court could impose for each offense. The record refutes appellant's claim that the court failed to make the required inquiry into the

1. The Honorable Edward J. McManus, Chief Judge, United States District Court for the Northern District of Iowa.

plea agreement. *See* Fed.R.Crim.P. 11(d). In addition, the record reflects appellant's clear understanding of the terms of the plea agreement and the possible consequences of entering into such an agreement. A plea of guilty will not be set aside when the defendant states on the record while under oath that he understood the negotiated plea and there were no promises other than the plea agreement. *See Hollis v. United States*, 687 F.2d 257, 260 (8th Cir.1982), *cert. denied*, 459 U.S. 1221, 103 S.Ct. 1228, 75 L.Ed.2d 462 (1983).

█ Appellant further argues that the district court failed to establish the existence of a factual basis for pleading guilty to the firearms offense. *See* Fed.R.Crim.P. 11(f). Count 7 of the indictment charged appellant with violating 26 U.S.C. § 5861(d) by willfully and knowingly possessing a firearm which had not been registered to him in the National Firearms and Transfer Record. Appellant admitted that he possessed a firearm, a sawed-off shotgun, which was not registered to him. Nevertheless, he steadfastly maintained that the firearm did not have to be registered because it was at least twenty-six inches long.

Section 5861 incorporated the definition of "firearm" set forth in 26 U.S.C. § 5845:

(a) **Firearm.**—The term "firearm" means (1) a shotgun having a barrel or barrels of less than 18 inches in length; (2) a weapon made from a shotgun if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 18 inches in length; ... (5) any other weapon, as defined in subsection (e)....

. . . .

(e) **Any other weapon.**—The term "any other weapon" means any weapon or device capable of being concealed on the person from which a shot can be discharged through the energy of an explosive, ... weapons with combination shotgun and rifle barrels 12 inches or more, less than 18 inches in length, from which only a single discharge can be made from either barrel without manual reloading, and shall include any such weapon which may be readily restored to fire.

The only evidence presented at the guilty plea hearing regarding the sawed-off shotgun was appellant's testimony that it was twenty-six inches long. The court permitted the prosecution to examine appellant on this point, but the prosecution apparently failed to realize that appellant's unrebutted testimony placed him outside the coverage of 26 U.S.C. § 5861. "The Rule 11(f) requirement that there be a factual basis for a plea must mean that there must be a factual basis for every element of the crime charged." *United States v. Glass*, 720 F.2d 21, 22 (8th Cir.1983). In the present case, the record is devoid of any evidence indicating that the sawed-off shotgun in appellant's possession met the statutory test of a "firearm." Therefore, we must vacate the judgment of the district court on Count 7 and remand for further proceedings to give the government an opportunity in an evidentiary hearing to demonstrate that the sawed-off shotgun in appellant's possession was a "firearm" within the meaning of 26 U.S.C. §§ 5845, 5861(d). *See id.* at 23.

█ Finally, appellant alleges that he was not permitted to challenge the accuracy of information contained in the presentence report. *See* Fed.R.Crim.P. 32(c)(3)(D). The following colloquy occurred at the close of the hearing on the guilty plea:

The Court: Mr. Stewart, would you rise. Did you have an opportunity to go over the presentence report with your lawyer?

The Defendant: Yes.

The Court: Are you satisfied with it?

The Defendant: Yes.

Counsel also represented that he had reviewed the presentence report and concluded, "I think the information that is contained in that report can be relied upon by the Court in imposing sentence here today." In these circumstances, we find no violation of Rule 32.

Accordingly, the judgment of the district court is affirmed in part, vacated in part, and remanded to the district court for fur-

ther proceedings in accordance with this opinion.[2]

---

2. From time to time this court must appoint counsel to represent indigents in a variety of civil and criminal cases. We expect appointed counsel to represent their clients zealously and competently. Counsel's performance in the case at bar fell markedly short of this standard. Appellant's brief as submitted by counsel contained a cursory one and a half page argument with no citation of applicable authority. *See*

Fed.R.App.P. 28(a)(4). This brief was barely sufficient to put the court on notice of appellant's claims and did nothing to advocate appellant's position.