Burt BEAVERS, Appellant,

v.

A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.

No. 84–1044.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 14, 1984.

Decided Feb. 25, 1985.

Rehearing Denied March 26, 1985.

Dan F. Bufford, Little Rock, Ark., for appellant.

Theodore Holder, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before BRIGHT, JOHN R. GIBSON, and FAGG, Circuit Judges.

BRIGHT, Circuit Judge.

Appellant Burt Beavers appeals from the district court's dismissal of his petition for a writ of habeas corpus. He asserts that the Arkansas Habitual Offenders Act, Ark. Stat.Ann. §§ 41–1001 to –1005 (1977) (the "Act"),[1] is unconstitutional and that the district court erred in dismissing his peti-

tion without holding an evidentiary hearing on his allegations that the Act was discriminatorily applied against him and that he received ineffective assistance of counsel. We vacate the judgment and remand the case to the district court to hold an evidentiary hearing to determine whether counsel rendered ineffective assistance by failing to challenge on direct appeal whether the state trial judge exercised the discretion given him by state law in imposing consecutive sentences. .

## I. BACKGROUND.

Beavers was charged with counts of aggravated robbery and kidnapping stemming from an incident in Pine Bluff, Arkansas on December 27, 1978. Because of his prior record, the State also charged him as a habitual offender and sought an enhanced sentence. Sentence enhancement under the Act requires a bifurcated trial. Ark.Stat.Ann. § 41–1005 (1977). In the guilt determination phase, the jury convicted Beavers on both counts. In the second phase, the State introduced evidence of five prior felony convictions. The jury imposed a fifty-year sentence on each count,[2] and the trial judge ordered the sentences to be served consecutively.

On direct appeal, Beavers' counsel filed a "no merit" brief with the Arkansas Supreme Court. The court affirmed the conviction, but noted that counsel had not satisfied the procedural requirements for filing a "no merit" appeal. *Beavers v. State,* 267 Ark. 154, 589 S.W.2d 572 (1979). Beavers then filed a petition for postconviction relief pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure. The Arkansas Supreme Court denied relief without holding an evidentiary hearing.

---

1. The Act was substantively altered by amendments in 1981 and 1983. *See* Ark.Stat.Ann. §§ 41–1001 to –1005 (Supp.1983). Because the underlying crime charged occurred in December 1978, the 1977 version governs this case.

2. Section 41–1001 establishes a permissible range within which a convicted habitual offender may be sentenced, based on the seriousness of the felony for which he was convicted and the number of his prior convictions. The jury

found Beavers guilty under § 41–1001(2)(a) (1977) which provides:

A defendant who is convicted of a felony and who has previously been convicted of four [4] or more felonies, or who has been found guilty of four [4] or more felonies, may be sentenced to an extended term of imprisonment as follows:

(a) not less than fifty (50) years nor more than life, if the conviction is of a class A felony.

Beavers then filed a pro se petition for a writ of habeas corpus in the United States District Court for the Eastern District of Arkansas raising the same grounds for relief that he had presented in his Rule 37 petition. The court declined to hold an evidentiary hearing, or appoint counsel, and denied relief. Beavers appeals.

## II. DISCUSSION.

### A. Exhaustion of State Remedies.

 As a preliminary matter, we note, sua sponte, that Beavers did not include in his Rule 37 petition before the Arkansas Supreme Court the allegations listed in points 4–7, *infra* part II(B), in support of his claim of ineffective assistance or the allegation that the Act was discriminatorily applied against him. *See infra* part II(C).

Ordinarily, the failure to present all grounds for relief to the state courts would require dismissal of the petition for failure to exhaust state remedies in light of 28 U.S.C. § 2254(b) and *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). However, Rule 37.2(b) of the Arkansas Rules of Criminal Procedure requires a prisoner to include all grounds for relief in his original or amended petition, and explicitly provides that any grounds not raised in the original petition may not be raised in a subsequent petition. The Arkansas Supreme Court has recently taken the position that it will consider successive Rule 37 petitions only when the original petition was specifically denied without prejudice. *Williams v. State*, 273 Ark. 315, 619 S.W.2d 628, 629 (1981). Consequently, Beavers cannot now return to state court and present these allegations. This court has faced this situation before and has held, under analogous circumstances, that the petitioner had exhausted his state remedies. *Knott v. Mabry*, 671 F.2d 1208, 1210 (8th Cir.), *cert. denied*, 459 U.S. 851, 103 S.Ct. 115, 74 L.Ed.2d 101 (1982); *Witham v. Mabry*, 596 F.2d 293, 299 n. 7 (8th Cir.1979). Because Beavers has exhausted his state remedies, we may properly consider his arguments on the merits.

### B. Ineffective Assistance of Counsel.

Beavers' primary argument in this appeal is that the district court erred in dismissing his petition without appointing counsel and holding an evidentiary hearing on his allegations that he received ineffective assistance of counsel. In support of his claim of ineffective assistance, Beavers points to numerous instances of alleged shortcomings by his appointed attorney in the pretrial and sentencing phases of the proceedings, and on direct appeal. Specifically, he contends that his attorney: (1) failed to prepare an adequate defense because he consulted with him only three times for a total of five hours prior to the trial, (2) failed to advise him of the consequences of his being charged under the Act, (3) failed, during the sentencing phase, to challenge the evidence of five previous felony convictions introduced by the State to establish his status as a habitual offender and thereby subject him to the possibility of an enhanced sentence under section 41–1001, (4) failed, on appeal, to satisfy the requirements in compiling the record for review and listing the arguable points for reversal as mandated for "no merit" appeals by *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967), (5) failed, on appeal, to raise the trial court's denial of his motion for mistrial, (6) failed, on appeal, to argue that the prosecutor vindictively charged him as a habitual offender because he had declined to plead guilty, and (7) failed, on appeal, to challenge the trial court's imposition of consecutive sentences.

 We must evaluate a claim of ineffective assistance of counsel under the two-part test recently announced by the Supreme Court in *Strickland v. Washington*, —— U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Counsel renders ineffective assistance only if his performance was deficient and the defendant suffered prejudice as a result of the deficient performance. Deficient performance requires a showing that counsel's assistance was not reasonable under prevailing professional norms in view of all the circumstances in a particular

case. Prejudice requires a showing of a reasonable probability that, but for the deficient performance, the outcome would have been different. A defendant is not entitled to relief unless he makes the requisite showing on both components. *Id.* 104 S.Ct. at 2065–68. The Court has also recently held that a defendant's right to the effective assistance of counsel extends to his first appeal as of right as well as to trial proceedings. *Evitts v. Lucey,* — U.S. —, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). To require any less of counsel on appeal, the Court observed, would render "the promise of *Douglas* [*v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963)] that a criminal defendant has a right to counsel on appeal * * * a futile gesture." — U.S. at —, 105 S.Ct. at 836–37.

■ A district court must grant an evidentiary hearing in a habeas corpus action if the petitioner did not receive a fair evidentiary hearing in state court, and his petition raises cognizable constitutional claims in which the relevant facts are either in dispute or insufficiently developed in the record to permit resolution. *Townsend v. Sain,* 372 U.S. 293, 312–13, 83 S.Ct. 745, 756–57, 9 L.Ed.2d 770 (1963); *Speedy v. Wyrick,* 702 F.2d 723, 726 (8th Cir.1983); *Wallace v. Lockhart,* 701 F.2d 719, 729–30 (8th Cir.), *cert. denied,* — U.S. —, 104 S.Ct. 340, 78 L.Ed.2d 308 (1983).

In this case, the district court considered Beavers' arguments that his attorney rendered ineffective assistance by failing to prepare an adequate defense, to advise him of the consequences of being charged as a habitual offender, and to assert on appeal that the prosecutor vindictively charged him as a habitual offender. These arguments lack merit and we agree with the reasoning of the district court rejecting them. Accordingly, the district court did not err in refusing to hold an evidentiary hearing, or grant habeas relief, on these grounds.

The district court also rejected Beavers' argument that he received ineffective assistance because his attorney failed to challenge the evidence of his previous felony convictions, finding that evidence to be admissible. The evidence of Beavers' prior convictions introduced by the State consisted of certified copies of the judgment and docket entries for Beavers' guilty pleas to burglary in 1975 and theft of property in 1977 and certified copies of docket entries reflecting that Beavers had pleaded guilty to burglary charges in 1968 and 1971 and to grand larceny in 1967.

■ The state bears the burden of proof in establishing a defendant's prior convictions when it seeks an enhanced sentence under the Arkansas Habitual Offenders Act. *Leggins v. State,* 267 Ark. 293, 590 S.W.2d 22, 23 (1979). The Act provides that a prior conviction may be established by any evidence that satisfies the fact-finder beyond a reasonable doubt that the defendant was convicted. Ark.Stat.Ann. § 41–1003 (1977).

■ The evidence of the 1975 and 1977 convictions was properly admitted because Arkansas recognizes a certified copy of a judgment as proof of a prior conviction. Ark.Stat.Ann. § 41–1003(1) (1977). Because those judgments indicated that Beavers had been represented by counsel, there were no apparent grounds upon which counsel could have challenged that evidence. Thus, the district court was correct in finding the evidence of these convictions admissible.

■ The certified copies of docket entries introduced by the State as proof of the 1967, 1968, and 1971 convictions present a closer question in view of the rule in Arkansas that a docket sheet should not be used to establish a prior conviction for purposes of the Habitual Offenders Act. *See Cox v. Hutto,* 589 F.2d 394, 396 (8th Cir.1979) (per curiam) (citing *Reeves v. State,* 258 Ark. 788, 528 S.W.2d 924, 928 (1975)). In this case, unlike *Cox,* however, the docket entries indicated that Beavers was represented by counsel in each of these proceedings. Moreover, we note that Beavers has not alleged that he was not validly convicted on any of these occasions.

Consequently, even though it is not clear why the State did not introduce copies of the actual judgments for these three convictions, we think the docket entries were sufficient evidence from which a reasonable jury could have found that Beavers was convicted on these three charges.

■ Beavers clearly has not met his burden of proof[3] of showing that counsel rendered deficient performance in failing to challenge the State's evidence of these three convictions and, consequently, has not established prejudice and is not entitled to habeas relief on this ground. In addition, because he has not alleged any grounds upon which the convictions validly could have been challenged, he has not established a sufficient factual dispute to require an evidentiary hearing.

■ Beavers' three remaining arguments supporting his claim of ineffective assistance present a further problem in that he did not raise them before the district court. The general rule, of course, is that federal appellate courts will not consider issues not raised in the district court. *Hormel v. Helvering*, 312 U.S. 552, 556, 61 S.Ct. 719, 721, 85 L.Ed. 1037 (1941); *Ryder v. Morris*, 752 F.2d 327, 332 (8th Cir. 1985); *United States v. Glass*, 720 F.2d 21, 23 (8th Cir.1983). Because the objective of this rule is to "promote the ends of justice", 312 U.S. at 557, 61 S.Ct. at 721, an exception has been carved out for those exceptional cases or particular circumstances "where injustice might otherwise result." *Id.; Ryder*, 752 F.2d at 332; *Glass*, 720 F.2d at 23. We think this is just such a case in which it would be unfair to foreclose any consideration of these arguments on their merits. Beavers was proceeding pro se when he filed his petition in the district court. Moreover, the relief he seeks—remand to the district court to hold an evidentiary hearing—is in accord with the rationale for the general rule that the parties should have the opportunity to present evidence on the issues they believe to be rele-vant. There is no danger here of rendering a final decision in this court on a ground upon which the parties have not presented evidence in the district court. *See Hormel*, 312 U.S. at 556, 61 S.Ct. at 721.

■ Beavers argues that his attorney's failure to raise on appeal the trial court's imposition of consecutive sentences constitutes ineffective assistance. Historically, the duty of imposing sentence has been vested in trial judges because they have the best opportunity to make first-hand observations of the defendant to assess his character and habits and determine his prognosis for rehabilitation and to weigh those impressions against the particular factual circumstances of a specific crime and the defendant's prior offenses, if any, in order to determine an appropriate sentence. *United States v. Hartford*, 489 F.2d 652, 654 (5th Cir.1974); *Woosley v. United States*, 478 F.2d 139, 143–45 (8th Cir.1973) (en banc). Arkansas law provides that multiple sentences "shall run concurrently unless the court orders the sentences to run consecutively." Ark.Stat. Ann. § 41–903 (1977). Thus, the sentencing decision is left to the discretion of the trial judge. *Graham v. State*, 254 Ark. 741, 495 S.W.2d 864, 865 (1973).

We note a recent line of cases in which the Arkansas Supreme Court has considered challenges to the exercise of sentencing discretion vested in trial judges under section 41–903. In *Acklin v. State*, 270 Ark. 879, 606 S.W.2d 594 (1980), the court held that the discretion given to the trial judge requires the actual exercise of judgment and not a mere "mechanical imposition of the same sentence in every case." 606 S.W.2d at 594–95. In that case, the court reversed and remanded for resentencing because the record contained a statement by the trial judge that it was his "customary rule" to impose consecutive sentences and there was nothing in the record to indicate that he actually had exercised his discretion. In subsequent cases,

---

**3.** The petitioner in a habeas corpus proceeding bears the burden of establishing by a preponderance of the evidence that he is entitled to relief.

*Johnson v. Zerbst*, 304 U.S. 458, 468–69, 58 S.Ct. 1019, 1024–25, 82 L.Ed. 1461 (1938); *Johnson v. Mabry*, 602 F.2d 167, 171 (8th Cir.1979).

the court has held that the *Acklin* rule does not require that a judge set forth in writing the factors he considered in exercising his sentencing discretion, *see Urquhart v. State*, 273 Ark. 486, 621 S.W.2d 218, 220 (1981), as long as a review of the record indicates that the trial judge actually exercised his discretion in view of the specific circumstances in the case. *See, e.g., Patton v. State*, 281 Ark. 36, 660 S.W.2d 939, 940 (1983); *Urquhart*, 621 S.W.2d at 220; *Swaite v. State*, 272 Ark. 128, 612 S.W.2d 307, 311 (1981).

We have thoroughly reviewed the record in this case and can find no indication that the trial judge based his decision to run the sentences consecutively on a consideration of Beavers' character and prior social history, his prior record, or the circumstances of the underlying crime. We note the apparent lack of any aggravating circumstances. Although Beavers' co-perpetrator had a gun, it was never fired, and no one was injured. No indication exists in the record as to whether the trial judge examined a presentence report or even ordered one. All the record discloses is his statement, in pronouncing sentence, that: "The Court is going to run those sentences consecutive." The sentencing judge may well have followed the practice of routinely imposing consecutive sentences or may have acted with discretion—matters not disclosed in any way in the present record. An evidentiary hearing may shed important light on the sentencing decision in this case which, in turn, will indicate whether Beavers was prejudiced by his attorney's failure to argue this issue on appeal.

 Beavers' other two arguments for ineffective assistance lack merit, and the district court need not address them on remand. First, even though Beavers' attorney filed a deficient "no merit" brief on direct appeal, the State corrected the deficiencies and Beavers, consequently, was not prejudiced. Second, Beavers' attorney

was not ineffective in failing to raise on appeal the trial court's denial of his motion for mistrial, because the trial judge issued a proper cautionary instruction to the jury.[4]

### C. Issues Pertaining to the Act.

Beavers contends that the Act is unconstitutional because it gives the prosecutor broad discretion in selecting the persons who will receive enhanced punishment. This argument fails, as the district court found, because habitual offender acts have long been sustained against constitutional challenges based on prosecutorial selectivity. *See, e.g., Oyler v. Boles*, 368 U.S. 448, 456, 82 S.Ct. 501, 505, 7 L.Ed.2d 446 (1962); *Martin v. Parratt*, 549 F.2d 50, 52 (8th Cir.1977). Consequently, Beavers is not entitled to relief on this ground.

 Finally, Beavers argues that he was charged as a habitual offender because he is black. Charges brought under the Act based on an impermissible classification such as race would, of course, be unconstitutional. *See Oyler v. Boles*, 368 U.S. 448, 456, 82 S.Ct. 501, 505, 7 L.Ed.2d 446 (1962). However, Beavers' sole allegation in support of his claim of discriminatory application of the Act is his statement in his reply brief to the State's response to his petition for a writ of habeas corpus that: "Moreover, the petitioner is black in a white society where justice is a false hope." Our review of the pleadings discloses no other allegations of racial discrimination and the record does not reveal any facts that provide any support for that charge.

A district court does not err by dismissing a claim based solely on "vague, conclusory, or palpably incredible" allegations or unsupported generalizations without holding an evidentiary hearing. *Machibroda v. United States*, 368 U.S. 487, 495, 82 S.Ct. 510, 514, 7 L.Ed.2d 473 (1962). Beavers' claim of racially discriminatory application of the Act was precisely such a conclusory, unsupported generalization. Consequent-

---

**4.** The State has noted that mistrial is considered an extreme remedy in Arkansas and should be granted only when any possible prejudice to the defendant is so great that it cannot be removed

by a proper cautionary instruction to the jury. *Cobb v. State*, 265 Ark. 527, 579 S.W.2d 612, 616 (1979); *Limber v. State*, 264 Ark. 479, 572 S.W.2d 402, 406 (1978).

ly, the district court did not err in dismissing that claim without first holding an evidentiary hearing.

## III. CONCLUSION.

We affirm the denial of habeas relief on all counts except for the claim of incompetency of counsel in failing to challenge on appeal to the Arkansas Supreme Court the consecutive sentences imposed by the Arkansas sentencing judge. We vacate the judgment and remand only that issue to the federal district court for an appropriate evidentiary hearing and determination.