Marvin IBERG v. Hon. Don LANGSTON, Circuit Judge on Assignment to Faulkner County

CR 85-104                                     691 S.W.2d 870

Supreme Court of Arkansas
Opinion delivered July 5, 1985

*Helen Rice Grinder*, for appellant.

*Chris Piazza*, Prosecuting Attorney of Pulaski County, by: *Leslie M. Powell*, Deputy Prosecuting Att'y, for appellee.

DAVID NEWBERN, Justice. The petitioner is accused of murdering Marvin Williams on May 6, 1960. He contends the statute of limitations has run and thus the court lacks jurisdiction. We hold the statute of limitations has not run.

■ Unless the petitioner elects to be governed by the 1976 criminal code, the statute defining the offense charged is that which was in effect at the time the offense was allegedly committed. Ark. Stat. Ann. § 41-102(3), (4) (Repl. 1977). No such election has been made, thus the offense charged, first degree murder, is defined in Ark. Stat. Ann. § 41-2202 (Repl. 1964).

The petitioner's argument is that the three year limitation found in Ark. Stat. Ann. § 43-1602 (Repl. 1977) applies. That statute provides that felonies other than capital offenses cannot be prosecuted unless an indictment is found within three years of the commission of the offense, except in some instances not germane here.

The respondent contends the offense with which the petitioner is charged is a capital offense and thus, according to Ark. Stat. Ann. § 43-1601 (Repl. 1977), it may be tried at any time after it was committed.

The sole authority cited by the petitioner for his contention that murder in the first degree was not punishable by death, and thus not a capital offense, in 1960 is *Patrick v. State*, 265 Ark. 334, 576 S.W.2d 191 (1979). In that case we granted a writ of prohibition to prevent a trial for second degree murder when the information was not filed until more than four years after the offense was alleged to have been committed. We held that § 43-1602 applied as it was in effect at the time the offense was committed (1974) and had not been repealed even though the 1976 code provided a new statute of limitations. *See* Ark. Stat. Ann. § 41-104 (Repl. 1977 and Supp. 1983).

The petitioner cites this language from *Patrick v. State, supra*:

> Prior to the adoption of the code, the statute of limitations on the prosecution of murder *in any degree* was governed by Ark. Stat. Ann. § 43-1602 (Repl. 1977) since it was not a felony "punishable with death." [Emphasis added.]

■ That statement was dictum. If it meant that at no time prior to the 1976 code was any degree of murder punishable by death, it was inaccurate. In 1960, Ark. Stat. Ann. § 41-2227 (Repl. 1964) provided that first degree murder was punishable by death or life imprisonment. Possibly the statement was based on the U. S. Supreme Court decision in *Furman* v. *Georgia*, 408 U.S. 238 (1972), which held unconstitutional laws permitting courts and juries unbridled discretion in choosing between the death penalty and life imprisonment in capital offense cases.

■ The gaps in application of capital punishment between the *Furman* v. *Georgia, supra,* decision and the enactment of standards to guide courts and juries in selecting the death penalty had no effect on the 1960 law which governs this case. The death penalty was a part of the law of Arkansas even after *Furman* v. *Georgia, supra,* was decided in 1972. In *Dobbert* v. *Florida*, 432 U.S. 282 (1977), the U. S. Supreme Court held that capital punishment was permissible even with respect to an offense committed after the 1971 decision and before Florida enacted legislation curing the constitutional defects in Florida's application of the death penalty. The Supreme Court's rationale was that the accused was continually on notice of the severity of the offense in the eyes of the State of Florida, and once the constitutional infirmities in selection of the death penalty had been cured it could be applied. While the precise holding in *Dobbert* v. *Florida, supra,* was that the curative Florida legislation was not *ex post facto* legislation as applied there, the analogy to the case before us is obvious. Just as Florida, Arkansas continued to have a death penalty law on its statute books even after the decision in *Furman* v. *Georgia, supra.*

■ As the offense of which the accused in this case has been indicted was one regarded by the law of this state as punishable by death in 1960, we look to the statute applicable at that time to determine whether the passage of time prevents prosecution. That statute is Ark. Stat. Ann. § 43-1601 (Repl. 1977). It provides:

> Any person may be prosecuted, tried and punished, for any offense punishable with death, at any time after the offense may have been committed.

There is no statute of limitations which has the effect of

depriving the circuit court of jurisdiction in this case.

Writ denied.

GEORGE ROSE SMITH, J., not participating.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. It is undisputed that the Arkansas Criminal Code became effective on January 1, 1976, and that the statute of limitations for murder is unlimited. However, the alleged crime was committed on May 6, 1960, long before the Code went into effect. The very first part of the Code provides that prosecution thereunder shall be "for any offense defined by this Code and committed after the effective date [January 1, 1976] hereof." Ark. Stat. Ann. § 41-102 (Repl. 1977). Arkansas Stat. Ann. § 41-102 (3) states: "The provisions of this Code do not apply to the prosecution for any offense committed prior to the effective date of this Code. Such an offense shall be construed and punished in accordance with the law existing at the time of the commission of the offense." The following sub-section gives the accused the right to elect to be tried pursuant to the Code.

At the time of the adoption of the Arkansas Criminal Code there were two statutes of limitations relating to murder. Arkansas Stat. Ann. § 43-1601 (Repl. 1977) states:

> Any person may be prosecuted, tried and punished, for any offense punishable with death, at any time after the offense may have been committed.

Arkansas Stat. Ann. § 43-1602 provides in pertinent part as follows:

> No person shall be prosecuted, tried, and punished for any other felony unless an indictment be found within three (3) years after the commission of the offense. . . .

We had this same question presented in *Patrick* v. *State*, 265 Ark. 334, 576 S.W.2d 191 (1979). The charge against Patrick was second degree murder pursuant to Ark. Stat. Ann. § 41-2206 (Repl. 1964). The offense had been committed prior to the effective date of the Code. The defense was that the statute had run because prior to the effective date of the Code the limitations

period for the offense was three years. In upholding the defense we stated: "If the General Assembly had intended that the preexisting statute of limitations on the prosecution of felonies be superseded by the code provision, it would have been a very simple matter to have included § 43-1602 in the list of statutes repealed." We held that the statutes of limitations in the Code, and prior ones, were jurisdictional. To the same effect see *Savage* v. *Hawkins*, 239 Ark. 658, 391 S.W.2d 18 (1965).

In the case of *Furman* v. *Georgia*, 408 U.S. 238 (1972), the United States Supreme Court struck down the Georgia statute which gave the courts and juries unbridled power to mete out life or death sentences. Arkansas law was about the same as the one struck down in *Furman*. Our law at that time was codified as Ark. Stat. Ann. § 41-2227 (Repl. 1964) and stated:

> Every person convicted of murder in the first degree, or as accessory before the fact to such murder, shall suffer death (by hanging by the neck) [or life imprisonment].

The method of carrying out the death penalty had been changed from hanging to electrocution at the time of *Furman*. However, unbridled discretion was still the law. Therefore, the death penalty in Arkansas was struck down at the same time as that of Georgia. From 1972 until 1976, our death penalty was as invalid as were our Jim Crow laws although they may still have been on the books. For a period of four years we did not have a valid death penalty law. Murder in the first degree, during these four years could have been punished by a maximum of life in prison.

Until the Arkansas Criminal Code was enacted in 1976, the penalty for capital murder was either life without parole or death by electrocution. [The manner of imposing the death penalty is now by lethal injection.] The maximum penalty for murder in the first degree is now life in prison. From 1972 to 1976, the greatest penalty for first degree murder was life in prison and the statute of limitation was three years. If this is true then the present prosecution is barred because if the death penalty statute was invalid in 1972, it was also invalid in 1960.

In effect the majority opinion holds that *Furman* had no effect on the death penalty statute in Arkansas. I do not agree with such holding. To so hold, it seems to me, would be to say that

murder in the first degree may be punishable by death. That is not the law. First degree murder is not included in our capital murder statute.

I would issue the writ.