O.H. MULLENAX *v.* Don LANGSTON, Circuit Judge on Assignment to Faulkner County

CR 85-114                                    692 S.W.2d 755

Supreme Court of Arkansas
Opinion delivered July 15, 1985

*Mullis, Davis & Chadick*, by: *Bart Mullis*, for petitioner.

*Chris Piazza*, Prosecuting Attorney of Pulaski County, by: *Leslie M. Powell*, Deputy Prosecuting Att'y, for respondent.

DAVID NEWBERN, Justice. On July 5, 1985, in case number CR 85-104, we denied the petition for a writ of prohibition filed by Marvin Iberg who is a codefendant with the petitioner in this case. The petition before us now raises precisely the same issue as was before us in *Iberg* v. *Langston*, and we deny the writ for the reasons given in our opinion in that case.

■ The petitioner has given us two citations with which we did not deal in *Iberg* v. *Langston*. First, he cites us to the commentary accompanying Ark. Stat. Ann. § 41-104 (Repl. 1977) which is the basic statute of limitations section in the current criminal code. The commentary says it appears that before the adoption of the current code first degree murder was subject to a three-year statute of limitation. As we explained in *Iberg* v. *Langston*, that was true during the time the Arkansas death penalty provisions suffered from the constitutional infirmity recognized in *Furman* v. *Georgia*, 408 U. S. 238 (1972). But, as we also explained there, that temporary infirmity does not prevent application of the statute of limitations which applied in 1960 which is when the offense charged against this petitioner was committed.

■ The other citation is to *Graham* v. *State*, 253 Ark. 462, 486 S.W.2d 678 (1972), which the petitioner says "abolished" the death penalty for first degree murder. We do not agree with any such characterization of *Graham* v. *State*. That case was no more than a recognition of the constitutional impediment to application of the death penalty presented by *Furman* v. *Georgia, supra.*

■ The only additional argument made by the petitioner which is not addressed in *Iberg* v. *Langston*, is that Act 438 of

1973 repealed Ark. Stat. Ann. § 41-1601 (Repl. 1964) which was the statute of limitations applicable to offenses punishable by death. We agree it was repealed, but it was the law applicable in 1960, the date with which we are concerned.

Writ denied.

PURTLE, J., dissents.

SMITH and DUDLEY, JJ., not participating.

JOHN I. PURTLE, Justice, dissenting. I disagree with the majority opinion for the reasons I set out in my dissent in *Iberg* v. *Langston*, 286 Ark. 390, 691 S.W.2d 870 (1985). Also, I wish to add to that dissent by quoting from the opinion of this court in *Graham* v. *State*, 253 Ark. 462, 486 S.W.2d 678 (1972) where we stated: "So long as the ruling in *Furman* v. *Georgia, supra,* is made applicable to this State, we are obliged to reduce appellant's sentence from death to life imprisonment . . . ." Having recognized that this state had no valid death sentence in 1972, and that the highest penalty was life in prison, we are bound to apply the statute of limitations for first degree murder as stated in Ark. Stat. Ann. § 41-1602 (Repl. 1964).

I do not understand by what rationale the majority recognizes we did not have a death penalty in 1972, but implies that the 1976 Criminal Code establishing capital murder relates back to the time when there was no such law. That is *ex post facto* and completely unacceptable to me.

I would grant the writ.