# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

———————

No. 96-1891

———————

Cyril Athana Kolocotronis,       *
     *
       Appellant,      *
     *
     v.      *   Appeal from the United States
     *   District Court for the
Steve Reeves; Missouri      *   Eastern District of Missouri.
Department of Mental Health;      *
State of Missouri,      *       [UNPUBLISHED]
     *
       Appellees.      *

———————

Submitted:   March 6, 1997

Filed: March 28, 1997

———————

Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.

———————

PER CURIAM.

Cyril Athana Kolocotronis appeals from the district court's[1] denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his continued hospitalization at a state hospital under a 1960 commitment. We affirm.

In 1960 a jury found Kolocotronis not guilty by reason of insanity of assault with intent to ravish, and the Circuit Court of the City of St. Louis committed him to Fulton State Hospital (Fulton) "until he shall have been legally adjudged sane."

———————

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri, adopting the report and recommendations of the Honorable Thomas C. Mummert, III, United States Magistrate Judge for the Eastern District of Missouri.

Hospital records indicated that in March 1961, the Fulton superintendent noted that Kolocotronis's aunt was making efforts to transport him to the Montana state hospital, that Kolocotronis was diagnosed as a chronic schizophrenic, and that he was in need of further institutional treatment. On April 24, 1961, Kolocotronis was "discharged to the custody of his aunt," who was to transport him to the Montana state hospital. From the trail of state criminal and civil commitment cases, it is apparent Kolocotronis was in and out of hospitals in Montana and Washington during the 1960s and 1970s. See, e.g., In re Big Cy Kolocotronis, 660 P.2d 731, 733 (Wash. 1983); State v. Kolocotronis, 436 P.2d 774, 777 (Wash. 1968); In re Kolocotronis, 402 P.2d 977, 977 (Mont. 1965) (per curiam). In May 1982, Kolocotronis was released at his request from a Washington state hospital on condition that he be returned to Fulton for treatment pursuant to his 1960 commitment. See In re Big Cy Kolocotronis, 660 P.2d at 733.

In the instant habeas petition, filed in 1993, Kolocotronis argued that the Missouri Department of Mental Health (MDMH) could no longer hold him because the state lost jurisdiction over him when they released him in 1961, and commitment to Fulton in 1982 was made pursuant to a Washington court order. The state, acknowledging that Kolocotronis had exhausted his state remedies, responded that the record evidence showed that Kolocotronis's 1961 discharge was conditional, not general. The district court agreed with the state and denied the section 2254 petition.

Under Missouri law at the time of Kolocotronis's initial commitment, the release of an insanity acquittee was within the judgment of the superintendent of MDMH. See Richey v. Baur, 298 S.W.2d 445, 447 (Mo. 1957) (en banc). The law also provided that "[a]ny patient admitted may be discharged or paroled whenever in the judgment of the superintendent and his staff he should be discharged or paroled." Mo. Rev. Stat. § 202.070 (1959) (repealed 1979). We conclude that the superintendent's discharge was made

pursuant to the option to parole an insanity acquittee and that such option could be construed as a conditional discharge.  Cf. State v. Brinkley, 193 S.W.2d 49, 58 (Mo. 1946) (parole is conditional release from physical custody, but sentence remains in force and prisoner continues in constructive custody).

We conclude that Kolocotronis has not shown that the superintendent's discharge was unconditional, nor has he shown that the superintendent could not reassert his control over Kolocotronis in 1982 when Washington conditionally released Kolocotronis to Fulton.  Thus, we affirm the district court's denial of habeas relief.  See Beavers v. Lockhart, 755 F.2d 657, 662 n.3 (8th Cir. 1985) (burden on habeas corpus petitioner to establish that he is entitled to relief).

To the extent that Kolocotronis is arguing that he is not now suffering from a mental disease or defect, Kolocotronis may avail himself of the mechanism provided in section 552.040 and petition the state court for release.  See State ex rel. Hoover v. Bloom, 461 S.W.2d 841, 842 (Mo. 1971) (en banc) (provisions of section 552.040 are remedial in nature and can be applied to insanity acquittees committed before statute's enactment); Cyronne-DeVirgin v. Missouri, 341 F.2d 568, 570 (8th Cir.) (per curiam) (remedies under section 552.040 available and required before petitioner could pursue habeas relief), cert. denied, 382 U.S. 895 (1965).

Accordingly, we affirm.  We overrule Kolocotronis's objection to the no-argument determination.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.