UNITED STATES of America, Appellee,

v.

Alfred GLASS, Appellant.

No. 84–1807.

United States Court of Appeals,
Eighth Circuit.

Submitted March 15, 1985.

Decided May 7, 1985.

Rehearing and Rehearing En Banc
Denied June 7, 1985.

Springfield Bladwin, St. Louis, Mo., for appellant.

Michael K. Fagan, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before HEANEY and ARNOLD, Circuit Judges, and HANSON,* Senior District Judge.

ARNOLD, Circuit Judge.

Alfred Glass has been convicted on his plea of guilty of being a convicted felon in

---

* The Hon. William C. Hanson, Senior United States District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

possession of a firearm and of possessing an unregistered sawed-off shotgun. He was sentenced to two years on the first count and ten years on the second count (the maximum allowed by statute). He then moved for leave to withdraw his guilty plea, arguing that the government, while stating on the record the facts it would seek to prove at trial if the case were to go to trial, had not mentioned any evidence to show that the firearm in question had moved in interstate commerce, an essential element of the crime of possession of a firearm by a convicted felon. He also argued that the District Court[1] sentenced him harshly and was prejudiced against him because of his race. (Both the district judge and the defendant are black, and defendant's theory is that the judge treated him more severely because of his desire to deter crime in the black community.) This motion was denied, and defendant appealed. We noted that the government had omitted to mention interstate commerce during its statement of intended proof, but we remanded to give the United States a chance, in a reopened hearing before the District Court, to show that it did indeed have evidence to satisfy this element of the crime. *United States v. Glass*, 720 F.2d 21 (8th Cir.1983). We expressed no view on the allegation of prejudice, leaving that for further development on remand.

The additional hearing has now been held, and the motion for leave to withdraw the plea of guilty has again been denied. Glass appeals, arguing, among other things, that the judge was prejudiced against him, that testimony at the evidentiary hearing by the lawyer who represented him at the time of his plea of guilty was a breach of the attorney-client privilege, and that the gun was not in or affecting commerce because it was abandoned property.

■ We affirm. We have read the transcript of the sentencing, as well as the record of the proceedings on remand after our first opinion, and we are convinced that the judge was not prejudiced against Glass. The District Court expressed its repugnance to crime in general, especially to crime in the black community and to gun crimes, but in doing so it merely voiced out loud feelings that many people of all races share. It is up to the sentencing judge, within broad limits, to determine how much or how little he or she will say when sentence is imposed. We are not persuaded that the District Court would have imposed a less onerous sentence on Glass if he had been white.

■ As to the testimony of Glass's attorney, he stated simply that the elements of the crime, including interstate commerce, were discussed with Glass before the plea of guilty was entered. Counsel said nothing that violated any confidence placed in him by Glass or revealed any material communication made to him by Glass. In addition, the claim that Glass's counsel had not advised him properly, so as to enable him to make a knowing and intelligent plea of guilty, was in substance an attack on counsel's conduct, and he had a right to defend himself.

■ We also disagree with defendant's abandoned-property argument. The government had documentary proof that the gun had been manufactured in Massachusetts. It is undisputed that the gun was in Missouri when it was in Glass's possession. This is a sufficient nexus with interstate commerce. *Scarborough v. United States*, 431 U.S. 563, 575, 97 S.Ct. 1963, 1969, 52 L.Ed.2d 582 (1977). That the gun may have been, at some time during its history, "abandoned" by some previous owner is not material. The factual basis for the plea was adequately shown, and no manifest injustice justifying the granting of a motion under Fed.R.Crim.P. 32(d) for leave to withdraw the plea of guilty has been established.

We have considered Glass's other arguments and hold that they are without merit.

---

1. The Hon. Clyde S. Cahill, United States District Judge for the Eastern District of Missouri.

We are indebted to Glass's appointed counsel for his diligent and determined services in behalf of his client.

Affirmed.