Robert D. CUMMINGS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 87–1258.

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 28, 1987.

Decided Oct. 20, 1987.

Jonathan W. Belsky, Clayton, Mo., for appellant.

Gregory K. Johnson, Asst. U.S. Atty., Springfield, Mo., for appellee.

Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.

PER CURIAM.

Robert D. Cummings appeals from his convictions for possession of cocaine with intent to distribute and possession of a weapon by a felon. *See* 21 U.S.C. § 841(a)(1); 18 U.S.C. app. § 1202(a)(1) (repealed 1986). We affirm.

Under an agreement with the Government, Cummings pleaded guilty to the first two counts of a four-count indictment. In return the Government dismissed the remaining counts. On direct appeal Cummings seeks to set aside his guilty pleas, *see* Fed.R.Crim.P. 32(d), contending he misunderstood the terms of the plea agreement, the Government violated the plea agreement, he entered his pleas under duress, and the pleas were factually unsupported.

In reviewing Cummings' claims, we must determine whether any manifest injustice will occur if his pleas are not set aside. *See United States v. Baker*, 790 F.2d 1437, 1438 (9th Cir.1986); *see also United States v. Glass*, 720 F.2d 21, 22 (8th Cir.1983) (Manifest injustice was the district court standard for permitting postsentencing plea withdrawal before the 1983 amendment to rule 32(d).), *aff'd after remand*, 761 F.2d 479 (8th Cir.), *cert. denied*, 474 U.S. 856, 106 S.Ct. 161, 88 L.Ed.2d 134 (1985). Manifest injustice arises from " 'a fundamental defect which inherently results in a complete miscarriage of justice' or [from] 'an omission inconsistent with the rudimentary demands of fair procedure.' " *Baker*, 790 F.2d at 1438 (quoting *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962)).

██ Cummings first claims he believed the plea agreement required the Government to dismiss the last two counts of his indictment "with prejudice." At the guilty-plea hearing, however, Cummings and his attorney expressly acknowledged to the district court that the prosecutor had correctly stated the plea agreement, even though the prosecutor did not indicate the dismissal was with prejudice. At the later sentencing hearing, defense counsel did question whether the dismissal was with prejudice, but counsel indicated Cummings' underlying concern related to information about the dismissed counts that would be available to the United States Parole Commission. Thus, counsel moved to strike references to those counts from the presentence investigation report.

The district court denied the motion. Nevertheless, Cummings did not move to withdraw his pleas and did not indicate that a dismissal with prejudice was material to his understanding of the plea agreement. Further, we note that a dismissal with prejudice " 'does not bar comment in the presentence report about the charges in the dismissed counts, and does not prevent consideration of [the conduct underlying those counts] by the Parole Commission.' " *Peak v. Petrovsky*, 734 F.2d 402, 405 (8th Cir.

1984) (quoting *United States ex rel. Goldberg v. Warden,* 622 F.2d 60, 65 (3d Cir.), *cert. denied,* 449 U.S. 871, 101 S.Ct. 210, 66 L.Ed.2d 91 (1980)). We conclude Cummings' first claim is meritless.

Cummings' remaining three claims can be dealt with summarily. First, we have reviewed the record thoroughly and conclude the prosecutor did not make a sentence recommendation. Thus, we reject Cummings' claim the Government breached the plea agreement. Second, we reject Cummings' claim the district court's failure to rule on a motion for continuance coerced him into pleading guilty. In taking Cummings' pleas, the district court carefully complied with Federal Rule of Criminal Procedure 11. In addition, more than a month elapsed between the time Cummings entered his pleas and the sentencing hearing. Cummings did not seek to withdraw his pleas during that period before sentencing. Finally, we reject Cummings' last contention. Cummings' admissions under oath at the guilty-plea hearing provided an ample factual basis for his pleas.

We conclude no manifest injustice will result if Cummings' guilty pleas are not set aside. Accordingly, we affirm his convictions.