**UNITED STATES of America, Appellee,**

v.

**Aurora NATAL–RIVERA, Appellant.**

No. 88–2462.

United States Court of Appeals,
Eighth Circuit.

Submitted June 10, 1989.
Decided July 14, 1989.

Catherine A. Reinmiller, Kansas City, Mo., for appellant.

Thomas H. Newton, Kansas City, Mo., for appellee.

Before ARNOLD and MAGILL, Circuit Judges, and HENLEY, Senior Circuit Judge.

HENLEY, Senior Circuit Judge.

On appeal Aurora Natal–Rivera questions the sentence imposed by the district court[1] following her guilty plea to one count of distribution of cocaine in violation of 21 U.S.C. § 841(a)(2) & (b)(1)(C). We affirm.

On March 15, 1988 a federal grand jury returned a six-count indictment against Natal–Rivera and her paramour Herodes Mur–Orosco charging them with distribution of cocaine and conspiracy to distribute cocaine. Mur–Orosco pleaded guilty to one count of conspiracy to distribute cocaine and *inter alia* was sentenced to 121 months imprisonment. Natal–Rivera pleaded guilty to one count of distribution of cocaine and *inter alia* was sentenced to 51 months imprisonment. For reversal, Natal–Rivera, who was born and reared in Puerto Rico, argues that (1) the Sentencing Guidelines violate the doctrines of separation and delegation of powers; (2) the district court, acting in accordance with the Guidelines, erred in calculating her offense level by including the alleged drug violations contained in certain counts which were dismissed; and (3) the district court, in following the Guidelines, declined to take into account as a mitigating factor the fact that her cultural background socialized her since childhood to follow her husband's every command.[2]

 The Supreme Court has foreclosed Natal–Rivera's delegation and separation of powers arguments. *See Mistretta v. United States,* — U.S. —, 109 S.Ct. 647, 675, 102 L.Ed.2d 714 (1989). Second, Natal–Rivera argues that by taking into ac-

---

1. The Honorable Howard Sachs, United States District Judge for the Western District of Missouri.

2. Natal–Rivera indicates that she and Mur–Orosco are not married, but that she has cohabitated with him for the past six years and refers to him as her husband.

count her alleged offenses contained in the counts which were dropped, in accordance with the Sentencing Guidelines,[3] the district court in effect sentenced her for engaging in criminal activity without an adjudication of guilt. However, the record discloses that in her plea bargain agreement Natal–Rivera agreed to a recalculation of the precise amount taken into consideration at time of sentence. At no time has Natal–Rivera questioned the validity of her plea bargain agreement. We therefore reject her argument that the amount of cocaine involved in the dismissed counts could not be considered in sentencing and note that her sentence was within the statutory maximum for the one count to which she pleaded guilty. *See Cummings v. United States,* 831 F.2d 779, 780 (8th Cir.1987) (per curiam).

■ Last, Natal–Rivera argues that the Sentencing Guidelines are constitutionally infirm because they assertedly do not allow a sentencing court to consider the defendant's cultural background when imposing sentence. *See* 28 U.S.C. § 994(d); Sentencing Guidelines § 5H1.10. Historically, a difference in cultural background has been consistently rejected as an excuse for criminal activity. *See, e.g., Rex v. Esop,* 173 Eng.Rep. 203 (Cent.Crim.Ct. 1836) ("unnatural offense" committed aboard East India ship in English harbor held not excusable even though not an offense in defendant's native country). It is but a small step from there to conclude that Congress may prevent considerations of cultural background from being a mitigating factor for that criminal activity. *See United States v. Rasag,* No. CR–S–87–343–PMP, 1 Fed.Sent.R. 200, 201 (D.Nev. 1988) (excerpt from sentencing transcript) (argument by a defendant from Nigeria that failure to report conviction was culturally required to save family from embarrassment rejected by court as a mitigating factor). We, therefore, reject Natal–Rivera's argument that the Guidelines violate due process on this point or that the district court erred in not taking into account her cultural heritage. *Cf. United States v. Valiant,* 873 F.2d 205, 207 (8th Cir.1989) (rejecting argument that Guidelines require a "mechanical application" that violates due process).

In this latter connection we observe that while the sentencing judge recognized that appellant was influenced by her husband and indeed expressed some sympathy for her cultural position, he also noted that appellant was not a minor participant in the drug operation.

Accordingly, we affirm.

---

3. Section 1B1.3(a)(2) of the Sentencing Guidelines reads:

(a) *Chapters Two (Offense Conduct) and Three (Adjustments).* Unless otherwise specified, (i) the base offense level where the guideline specifies more than one base offense level, (ii) specific offense characteristics and (iii) cross references in Chapter Two, and (iv) adjustments in Chapter Three, shall be determined on the basis of the following:

(2) solely with respect to offenses of a character for which § 3D1.2(d) would require grouping of multiple counts, all such acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction; ....