**UNITED STATES of America,
Appellant,**

v.

**Jailal JAGMOHAN, Defendant–Appellee.**

**No. 1381, Docket 90–1045.**

United States Court of Appeals,
Second Circuit.

Argued June 12, 1990.

Decided July 13, 1990.

62

Linda B. Lakhdhir, Asst. U.S. Atty., E.D. New York, Brooklyn, N.Y. (Andrew J. Maloney, U.S. Atty. E.D. New York, David C. James, Asst. U.S. Atty., E.D. New York, Brooklyn, N.Y., of counsel), for appellant.

Abraham Hecht, Forest Hills, N.Y., for defendant-appellee.

Before MESKILL, PIERCE and PRATT, Circuit Judges.

MESKILL, Circuit Judge:

The government appeals pursuant to 18 U.S.C. § 3742(b) from a judgment of the United States District Court for the Eastern District of New York, Glasser, *J.*, sen-

tencing defendant-appellee to a three year term of probation, a $4,000 fine and a $50 special assessment after the entry of a guilty plea to one count of bribery in violation of 18 U.S.C. § 666(a)(2). The sentence is a downward departure from the range of fifteen to twenty-one months of imprisonment provided by the Sentencing Guidelines (Guidelines). The government challenges the departure on the grounds that the district court failed to provide the government with notice that the court intended to depart downward and that the departure cannot be supported by the reasons given by the district court for the departure.

## BACKGROUND

Appellee is an owner of a building in the Bronx. During the fall of 1988, he removed asbestos from the building in a manner that violated local rules governing asbestos removal. He was subsequently issued six New York City Environmental Control Board summonses for improper removal and disposal of asbestos. On January 23, 1989, appellee offered the New York City Environmental Police Officer who issued the summonses $2,000 to destroy the summonses. Several meetings between the two followed. On January 27, 1989, appellee tendered the officer a personal check made out to cash in the amount of $2,000 and requested in exchange a signed statement voiding the summonses. The officer did not accept the check. Finally, on February 1, 1989, appellee cashed the check, gave the $2,000 in cash to the officer and received the original copies of the summonses.

Appellee was arrested and pleaded guilty to an indictment charging him with one count of bribery in violation of 18 U.S.C. § 666(a)(2). Prior to sentencing, the Probation Department prepared a presentence report, which calculated the Guidelines range as fifteen to twenty-one months imprisonment. The presentence report did not raise the possibility of a departure from the Guidelines range.

At sentencing and after the government and appellee had addressed the court, the court announced that the Probation Department had recommended a downward departure on the grounds of economic duress and diminished capacity. *See* Guidelines §§ 5K2.12, 5K2.13. This recommendation, the court noted, was not in the presentence report but rather in the Probation Department's confidential recommendation to the court that was unavailable to the parties. Although the court concluded that the grounds suggested by the Probation Department were insufficient to support a departure, it determined that a downward departure was nonetheless warranted. The reasons given by the court for the departure were three: (1) the lack of a criminal record; (2) appellee's employment record, which reflected that he had been gainfully employed since he came to the United States nine years earlier; and (3) "the rather remarkable way in which this entire transaction occurred." The court then sentenced appellee to three years probation, a $4,000 fine and a $50 special assessment.

## DISCUSSION

### A. *Notice of Intention to Depart*

█ The government claims that the district court erred by failing to give notice of its intention to depart downward from the Guidelines range prior to the imposition of sentence. We have held, in the context of upward departures, that the sentencing court, before sentence is imposed, must give a defendant both notice of the court's intention to depart, including "the factors that the judge is planning to rely upon and ... some brief explanation as to why these factors warrant a departure," and an opportunity to be heard as to why the contemplated departure is unwarranted. *United States v. Kim,* 896 F.2d 678, 681 (2d Cir.1990); *accord United States v. Palta,* 880 F.2d 636, 640 (2d Cir.1989); *United States v. Cervantes,* 878 F.2d 50, 55–56 (2d Cir.1989). We hold that the same rule should apply to the government in the context of downward departures.

The value of prior notice is manifold. First, it "will alert counsel to the need to present any available challenge to the accu-

racy of [those] factors [on which the court intends to rely] and to the propriety of their use for a departure." *Kim*, 896 F.2d at 681. Just as defense counsel often will alter the argument made to the court at sentencing once counsel is given notice of the court's intention to depart upward, *see id.*, so too might the focus of the government's presentation prior to the imposition of sentence change if it is informed of the court's intention to depart downward. For example, notice will direct the government to address the technical questions presented by the Guidelines such as whether a departure is permitted on the basis of the factors raised by the sentencing court. Furthermore, notice will permit both parties to develop the record further, giving the sentencing court a sounder basis for assessing the contemplated departure and making appellate review of a departure easier. Finally, we note that Congress viewed the equal ability of the defendant to appeal upward departures and of the government to appeal downward departures as "a fundamental precept of a rational sentencing system, and ... a critical part of the foundation for the [Guidelines'] sentencing structure." S.Rep. No. 225, 98th Cong., 2nd Sess. 151, *reprinted in* 1984 U.S.Code Cong. & Admin. News 3182, 3334. This same rationale dictates that the rule requiring prior notice to the defendant of a contemplated upward departure be extended to the context of a downward departure.

The district court did not apprise the parties of its intention to depart downward until after the parties had addressed the court. Nor did the presentence report indicate the basis for a potential downward departure. While imposing sentence, the court referred to the Probation Department's recommendation for a departure, but that recommendation was made in the confidential memorandum to the court that was unavailable to the parties.

█ Although the district court erred in failing to give prior notice of the contemplated departure, we believe the error here was harmless. The government contends that, had it been given prior notice of the

court's intention to depart on the basis of the "remarkable" nature of the bribery offense in particular, it would have argued and presented evidence that demonstrated appellee's knowledge of the wrongfulness of his actions. The government, however, presented this very argument to the court before the imposition of sentence. Although the government might have given greater emphasis to this argument had it received prior notice of the district court's intention to depart downward, the government nevertheless was able to present its position and make a full proffer of the evidence supporting its argument. The government also maintains that with prior notice it would have been able to direct the district court to the provisions of the Guidelines that indicate that the factors relied on by the court did not warrant a departure. As discussed *infra*, two of the three grounds relied on by the court are sufficient to sustain the departure. Under these circumstances, the failure of the district court to give the government notice of its intention to depart was harmless error. *See* Fed.R.Crim.P. 52(a).

### B. *Validity of the Departure*

The government also challenges both the grounds for and the extent of the departure. The district court gave three reasons for the downward departure: (1) the lack of a criminal record; (2) appellee's employment history; and (3) the "remarkable" way in which the bribery offense was committed. The government contends that none of these is a valid basis for departing from the Guidelines range.

We review *de novo* a district court's determination that a particular factor was "of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission," 18 U.S.C. § 3553(b). *United States v. Lara*, 905 F.2d 599, 602–03 (2d Cir.1990). By contrast, we review under a clearly erroneous standard a district court's factual determination that the factor in question was present. *Id.; see United States v. Stroud*, 893 F.2d 504, 506–07 (2d Cir.1990).

██ The district court's reliance on appellee's lack of a criminal record was erroneous. The Guidelines acknowledge that "[t]here may be cases where the court concludes that a defendant's criminal history category significantly over-represents the seriousness of a defendant's criminal history or the likelihood that the defendant will commit further crimes." Guidelines § 4A1.3. In such cases, a downward departure may be appropriate. However, the Sentencing Commission has explicitly indicated that such a departure is not warranted where, as here, the defendant has been placed in criminal history Category I. "The lower limit of the range for a Category I criminal history is set for a first offender with the lowest risk of recidivism. Therefore, a departure below the lower limit of the guideline range for a Category I criminal history on the basis of the adequacy of criminal history cannot be appropriate." *Id.; see United States v. Williams*, 891 F.2d 962, 965–66 (1st Cir.1989); *United States v. Paulino*, 873 F.2d 23, 24–25 (2d Cir.1989) (per curiam).

██ The downward departure can nonetheless be upheld on the basis of the other factors cited by the district court— appellee's previous employment record and the unusual nature of the bribery transaction. The Guidelines provide that previous employment record is not "ordinarily relevant" to the determination of whether a departure is warranted. Guidelines § 5H1.5. Thus, a defendant's previous employment record should be a ground for departure only in exceptional or extraordinary cases, *see United States v. Brewer*, 899 F.2d 503, 510 (6th Cir.1990); *United States v. Big Crow*, 898 F.2d 1326, 1331–32 (8th Cir.1990), and will warrant a departure in only a relatively few instances.

The district court viewed this case as one of those few instances. It pointed to the fact that appellee had been gainfully employed for the nine years since he had entered this country. Taken alone, this fact is not especially remarkable. However, once it is coupled with the third factor—the unusual circumstances of the offense—the district court was justified in

considering appellee's case to be sufficiently exceptional to justify departure. The district court gave special emphasis to the fact that appellee used a personal check in the bribery transaction. This, in the district court's view, reflected an utter lack on appellee's part of the sophistication usually shown by persons bribing an official. Thus, the picture painted of appellee is one of a person with an entirely stable background, indicated by his employment history, and whose unusually unsurreptitious conduct in undertaking the bribery constituted a mitigating factor "of a kind, or to a degree" not adequately considered by the Guidelines. The district court therefore stated valid grounds for a downward departure. Having set forth proper grounds for a departure, the district court's decision to depart was not unreasonable. *See Lara*, 905 F.2d at 603; *Palta*, 880 F.2d at 639. Furthermore, the district court did not abuse its discretion in determining that probation, rather than some period of incarceration below that set forth by the Guidelines, was an appropriate sentence in light of the circumstances presented.

As we have previously noted, "it was not Congress' aim to straitjacket a sentencing court, compelling it to impose sentences like a robot inside a Guidelines' glass bubble, and preventing it from exercising discretion, flexibility or independent judgment." *Lara*, 905 F.2d at 604; *see also United States v. Correa–Vargas*, 860 F.2d 35, 40 (2d Cir.1988). In short, we do not view this appeal as presenting an instance in which we should reject the assessment of an experienced district judge that the case presents exceptional circumstances not adequately considered by the Sentencing Commission in formulating the Guidelines.

## CONCLUSION

We hold that a sentencing court must afford the parties notice of its intention to depart from the Guidelines range and an opportunity to be heard prior to the imposition of sentence. However, in the instant case, the failure to provide the government with such notice before imposing a sentence that departed downward was harm-

less error. Furthermore, the district court stated a valid basis for the departure, and the sentence imposed was not unreasonable. Therefore, the judgment of the district court is affirmed.