UNITED STATES of America

v.

Chibuke Israel AGU.

No. 90 CR 210.

United States District Court, E.D. New York.

May 16, 1991.

**704**

Andrew J. Maloney, U.S. Atty., E.D. N.Y., Brooklyn, N.Y., by George Stamboulidis, for the government.

Elizabeth Felber, Legal Aid Soc., Brooklyn, N.Y., for defendant.

## MEMORANDUM AND ORDER

WEINSTEIN, District Judge:

The defendant was arrested in February 1990. He pled guilty to importation of heroin in April 1990.

He is a permanent resident, having arrived in this country in 1979. He is married to a permanent resident. He has a one and a half year old daughter who is a citizen by virtue of having been born in this country.

The defendant served six years in the United States Army—two years on active duty and four years in the reserves—and was honorably discharged in 1986. As a consequence of this service, he was entitled to citizenship upon application. He made no application, apparently out of ignorance of his rights.

The defendant first appeared for sentence on September 11, 1990. The sentence was adjourned, and counsel was requested by the court to explore the possibility of obtaining citizenship for the defendant prior to entry of a judgment of conviction. Citizenship would have permitted him to avoid deportation. These efforts have been unsuccessful. As a result, defendant will be deported as a non-citizen immediately following the completion of his imprisonment. He will be separated from his family and friends, probably never to return legally to this country.

The applicable offense level in the sentencing guidelines requires imposition of a 41 to 51 month period of incarceration, a 3 to 5 year period of supervised release and a $50 special assessment. As part of the plea agreement, the defendant agreed not to ask for a downward departure from the guideline sentence.

■ A court has an independent power and responsibility to impose the proper sentence in the exercise of its discretion. *See United States v. Lara,* 905 F.2d 599 (2d Cir.1990) (factors warranting departure within the discretion of sentencing judge). It may depart downward even without a motion from the defendant and over the Government's objection where the guidelines permit. *See* 18 U.S.C. § 3553(b); U.S. S.G. § 5K2.0; *United States v. Jagmohan,* 909 F.2d 61 (2d Cir.1990) (upholding downward departure over objection of government and without motion by defendant); *cf.* 18 U.S.C. § 3553(e) (requiring motion from Government before court may depart below statutory minimum); U.S.S.G. § 5K1.1 (requiring motion from Government before court may depart downward based upon substantial assistance). An agreement not to request a departure can not inhibit the exercise of the court's proper sentencing authority. Here, neither party objected that there was lack of notice of the court's intention to depart. *See Jagmohan,* 909 F.2d at 64.

■ The defendant has already served fifteen months in prison. His valuable service to the country in the armed forces, the unfortunate circumstances under which he failed to obtain his right to citizenship despite this service, and what will probably be the permanent separation from wife and his American born child all present "mitigating circumstances of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b); U.S.S.G. § 5K2.0; *see also United States v. Perez,* 756 F.Supp. 698 (E.D.N.Y.1991).

A downward departure is warranted. Defendant is sentenced to time served, a five year term of supervised release and a $50 special assessment. He shall be made available to the Immigration and Naturalization Service immediately for deportation.

So ordered.