## UNITED STATES of America

v.

## Saul RAMIREZ, Defendant.

### No. CR 91–913.

United States District Court,
E.D. New York.

June 24, 1992.

Andrew J. Maloney, U.S. Atty., E.D. New York, Brooklyn, N.Y. by Mark Kirsch, for U.S.

Thomas J. Farrell, Federal Defender Services Unit, Legal Aid Soc., Brooklyn, N.Y., for defendant.

## MEMORANDUM AND ORDER

WEINSTEIN, District Judge:

Defendant pled guilty to importation of narcotics. Pursuant to the plea agreement, he is not permitted to move for a downward departure from the Guideline range. The court may, however, on its own motion depart downward. *United States v. Agu*, 763 F.Supp. 703 (E.D.N.Y.1991). A downward departure is required.

Defendant was born in 1972 in Puerto Rico, and was eighteen years old at the time of the offense. Despite difficult family circumstances, defendant has led an exemplary life until the aberrant act which led to his arrest. During his youth, defendant witnessed his father beating his mother on several occasions. The parents separated permanently in 1988. Defendant took on the role of provider for the family, preparing meals and caring for his three younger siblings, one of whom has Down's Syndrome.

Defendant completed high school despite a one-year break to care for the family. He also worked steadily at several menial but regular jobs in the Philadelphia area. He once tried to save the life of a young gunshot victim in his drug- and crime-ridden neighborhood; defendant received a letter of commendation from the Philadelphia Police Department.

A few years ago, defendant became friendly with two older men who bought defendant clothes, impressed him with money, and invited him to go to Colombia with them on vacation. After several weeks of parties, they asked defendant to take drugs back to the United States. They said he would be paid $2,000. Defendant agreed, hoping to make money to give to his mother in Philadelphia. He was apprehended as he returned to the United States.

Defendant is now living with an uncle in New Jersey as a condition of his release on bail. The uncle is concerned with the de-

fendant's welfare, and the neighborhood is a better one than where defendant was living in Philadelphia.

Defendant was attending a community college seeking an Associate of Arts degree in Political Science at the time of his arrest. He is currently taking courses at a technical college near his uncle's home.

Under the Guidelines, the base offense level is 26. Defendant is granted a reduction of four levels for his minimal role in the offense. *See* Guideline § 3B1.2(a). A further two-level reduction for acceptance of responsibility is also warranted since he freely admitted his role in the crime. *See* Guideline § 3E1.1(a). These adjustments lead to a base offense level of 20. In combination with defendant's criminal history category I (since he has no prior criminal record) a Guideline range of 33 to 41 months results.

District courts have discretion to depart from the Guideline range where a factor or combination of factors is present which the Sentencing Commission did not adequately consider in formulating the Guidelines. 18 U.S.C. § 3553(b). *See United States v. Gonzalez*, 945 F.2d 525, 526 (2d Cir.1991) (downward departure). A court must exercise its "independent power and responsibility" in determining the proper sentence in each case. *See United States v. Agu*, 763 F.Supp. 703, 704 (E.D.N.Y.1991). The statutory requirement that the court consider rehabilitation, where required, takes precedence over the Guidelines. *See* 18 U.S.C. §§ 3551(a), 3553(a)(2)(D); *United States v. Concepcion et al.*, 795 F.Supp. 1262 (E.D.N.Y.1992).

A downward departure is required in this case since several characteristics, in combination, were not adequately taken into account by the Sentencing Commission. *See United States v. Cook*, 938 F.2d 149, 153 (9th Cir.1991) ("unique combination of factors" may mitigate); *United States v. Rodriguez*, 724 F.Supp. 1118 (S.D.N.Y. 1989) (personal characteristics of defendant relevant in court's decision to depart downward).

The defendant's lack of guidance, in combination with other factors, is a proper basis for a downward departure. *See United States v. Floyd*, 945 F.2d 1096 (9th Cir.1991), *amended*, 956 F.2d 203 (2d Cir. 1992).

The criminal act in this case was an aberrant one for the defendant. The defendant "stumbled into something, awkwardly [and] naively." *United States v. Takai*, 941 F.2d 738, 743 (9th Cir.1991); *United States v. Peña*, 930 F.2d 1486, 1494 (10th Cir.1991) (aberrant act).

The defendant has made strong efforts to lead a decent life in a poor environment. His excellent employment history and his devotion to his family are highly unusual for someone of his background. His endeavors to raise himself from a difficult personal situation through education warrant a downward departure in combination with other factors. *See United States v. Lopez*, 938 F.2d 1293, 1296 (D.C.Cir.1991) (even where a factor is not ordinarily relevant, the court may consider it in an extraordinary case); *United States v. Big Crow*, 898 F.2d 1326, 1331–32 (8th Cir.1990) (district court properly considered various distinctive features of defendant's life); *United States v. Deigert*, 916 F.2d 916, 918–19 (4th Cir.1990) (dicta) (downward departure proper in extraordinary circumstances); *United States v. Maddalena*, 893 F.2d 815, 818 (6th Cir.1989) (discretion rests with sentencing judge), *cert. denied*, —— U.S. ——, 112 S.Ct. 233, 116 L.Ed.2d 190 (1991).

Defendant more resembles a boy of fourteen or fifteen than his actual age of twenty. He would be extremely vulnerable to attack if he were incarcerated. *See United States v. Gonzalez*, 945 F.2d 525 (2d Cir. 1991) (defendant likely to be assaulted); *United States v. Lara*, 905 F.2d 599 (2d Cir.1990) (same); *United States v. Adonis*, 744 F.Supp. 336 (D.D.C.1990) (same).

Finally, a term of imprisonment would interrupt defendant's efforts at rehabilitation through education while living with his uncle who is an appropriate role model. A sentence of probation—itself a serious punishment—must be imposed.

The defendant is sentenced to 5 years probation and 250 hours of community service. He will continue his schooling and work as Probation directs. As a condition of probation he will remain in custody of his uncle and not return to live with his mother in Philadelphia. A $50 assessment is imposed.

SO ORDERED.