**UNITED STATES of America**

v.

**Sheila McGEE, Defendant.**

**No. CR 91–1400.**

United States District Court, E.D. New York.

Oct. 5, 1992.

Andrew J. Maloney, U.S. Atty., Brooklyn, N.Y. by John Curran, for U.S.

Marcia Levy, Legal Aid Soc., Brooklyn, N.Y. for defendant.

## MEMORANDUM AND ORDER

WEINSTEIN, District Judge:

Defendant pled guilty to importation of 244.1 grams of heroin from Amsterdam. Under a plea agreement she may not move for a downward departure. The court may, however, depart on its own motion. *United States v. Ramirez,* 792 F.Supp. 922, 922 (E.D.N.Y.1992). Such a departure is required.

Defendant is a United States citizen living in Los Angeles. She is 27 years old.

844

She has no criminal history, has never used drugs and has fully accepted responsibility. She has a high school education. She has been working part-time in a desk-top computing business and taking courses toward a college degree. Her previous employer describes her as a "loyal, intelligent and lovely person" and has offered to act as her surety.

Defendant recently began caring for her 11–year–old nephew who has been abused and abandoned by her brother. She has helped the child by providing him with a home, therapy and a place in elementary school.

The defendant attempted to cooperate fully with the government on the government's terms. It arranged for her to fly from Los Angeles to New York where she was to have provided information about her narcotics contact to agents from the Netherlands. She arrived at the airport to take the flight arranged and to be paid for by the government only to find that there was no ticket available.

The government has not moved for a downward departure for "substantial assistance in the investigation or prosecution of another person." Guideline § 5K1.1. It concedes that such a motion would have been likely had defendant been able to meet the foreign law enforcement agents in New York.

■ Congress has mandated that the sentencing judge consider a number of factors in arriving at the appropriate sentence. *See* 18 U.S.C. § 3553(a); *United States v. Concepcion,* 795 F.Supp. 1262 (E.D.N.Y. 1992). The relevant considerations include "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," as well as the Guidelines and policy statements issued by the United States Sentencing Commission. *Id.; See generally United States v. Concepcion,* 795 F.Supp. 1262 (E.D.N.Y.1992).

In addition, Congress has mandated that the Guidelines not be followed mechanically where "the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b); *see, e.g., United States v. Maier,* 975 F.2d 944, 947 (2d Cir.1992) (Commission did not adequately consider efforts toward drug rehabilitation as mitigating circumstance).

In some cases, the three-point reduction the Guidelines provide for acceptance of responsibility may not adequately account for the exceptional degree of a defendant's contrition. *United States v. Mickens,* 926 F.2d 1323, 1332–33 (2d Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 940, 117 L.Ed.2d 111 (1992). Relevant is the rule that "if the court finds that the circumstances related to family ties and relationships are extraordinary, it is not precluded as a matter of law from taking them into account in making a downward departure." *United States v. Sharpsteen,* 913 F.2d 59, 63 (2d Cir.1990); *see also United States v. Alba,* 933 F.2d 1117, 1122 (2d Cir.1991) ("extraordinary" family circumstances justified downward departure where defendant was gainfully employed and was sole provider for several dependents).

■ In this defendant's case, a substantial downward departure to avoid imprisonment is warranted because of several factors. Defendant has been a productive member of the workforce. She is continuing to educate herself. Her nephew is dependent upon her support for his safety, health and education. Incarceration away from home would damage both defendant and the child she is caring for. Finally, defendant's contrition is exceptional. She has done everything she could to accept responsibility for her crime and to cooperate with the government. Her attempt at cooperation was frustrated by circumstances attributable to the government's failure to provide transportation as it had

agreed to do. The need to deter the importation of narcotics is mitigated here by the goals of rehabilitating defendant and maintaining the welfare of family and child.

The Guidelines provide for a sentence of 30 to 37 months in prison followed by three to five years of supervised release. Defendant is placed on probation for five years, subject to a condition that she remain under house arrest for six months, attend work and school and care for her nephew, all as Probation shall control and direct. Under Probation's guidance, she may leave the house as necessary for work, education, medical care and religious purposes.

SO ORDERED.