UNITED STATES of America, Plaintiff–
Appellee–Cross–Appellant,

v.

Roger Andrew TALK, a/k/a Roderick
Talk, Defendant–Appellant–
Cross–Appellee.

Nos. 92–2266, 93–2003.

United States Court of Appeals,
Tenth Circuit.

Dec. 30, 1993.

William A. L'Esperance, Albuquerque, NM, for defendant-appellant-cross-appellee Roderick Talk.

James T. Martin, Asst. U.S. Atty. (Larry Gomez, Acting U.S. Atty., with him on the brief), Albuquerque, NM, for plaintiff-appellee-cross-appellant U.S.

Before KELLY, GODBOLD [†] and BARRETT, Circuit Judges.

PAUL KELLY, Jr., Circuit Judge.

Defendant-appellant Roderick Talk appeals from his conviction and sentence under 18 U.S.C. § 2241(a)(1). The government cross-appeals from the sentence. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm Mr. Talk's conviction and remand with instructions to vacate Mr. Talk's sentence and resentence him.

*Background*

On December 14, 1991, Roderick Talk had sexual relations with Gloria Yazzie at the home of his half-brother Benjamin Tso. Ms. Yazzie claimed that Mr. Talk forcibly raped her, while Mr. Talk maintained that Ms. Yazzie consented. All of the events took place in Indian Country and occurred between Native Americans. Mr. Talk was charged with and convicted of rape of Ms. Yazzie in violation of 18 U.S.C. §§ 1153, 2241(a).

At trial, the government called Raymond "J.R." Tso, who is the half-brother of Mr. Talk and the boyfriend of Ms. Yazzie, and Theodore Namingha to testify. The original transcript did not reflect that either Raymond Tso or Mr. Namingha was sworn, and defense counsel failed to object. Mr. Namingha confirmed that the events took place on Indian land, establishing an element of the crime charged. Raymond Tso testified that he was knocked unconscious, bound with electrical cord, and placed behind the sofa by Mr. Talk before the rape occurred. He also testified to the victim's actions the next morning. This testimony rebutted Mr. Talk's consent defense. The government subsequently moved to correct the record to reflect that these witnesses were in fact sworn, supporting the motion with an affidavit of the court reporter. The court granted the motion.

The government also called Eve Lauren Wedeen, an expert in rape counseling, as a rebuttal witness. Ms. Wedeen was not listed as a possible rebuttal witnesses. Her testimony explained the confused acts of the victim the morning after the rape, serving to discredit further Mr. Talk's defense of consent.

The presentence report suggested an offense level of 31, reflecting a four-level upward adjustment for use of force pursuant to U.S.S.G. § 2A3.1(b)(1). Mr. Talk objected to this four-level upward adjustment and urged a two-level reduction for acceptance of responsibility and downward departure due to his lack of sophistication. The court ruled that it had no power to depart in Mr. Talk's case, did not incorporate a four-level use of force upward adjustment, and applied a two-level reduction for acceptance of responsibility to reach an offense level of 25.

On appeal, Mr. Talk contends that the court erred in (1) correcting the record without a hearing, (2) admitting the testimony of an unlisted rebuttal witness, and (3) interpreting the Sentencing Guidelines to disallow departure in his case. The government cross-appeals arguing that the district court should have (1) applied a four-level upward adjustment for use of force and (2) not granted a two-level reduction for acceptance of responsibility.

[†] The Honorable John C. Godbold, Senior United States Circuit Judge for the United States Court of Appeals–Eleventh Circuit, sitting by designation.

## Discussion

### I. Unsworn Testimony

 In the absence of a timely and specific objection, we review the alleged failure of the district court to swear two government witnesses for plain error. *United States v. Taylor*, 800 F.2d 1012, 1017 (10th Cir.1986), *cert. denied*, 484 U.S. 838, 108 S.Ct. 123, 98 L.Ed.2d 81 (1987). Even assuming that Mr. Tso and Mr. Namingha were not properly sworn, which is contrary to a sworn affidavit of the court reporter, we cannot say that this defect so tarnished the fundamental fairness of the proceeding that a new trial is required. *See Wilcoxon v. United States*, 231 F.2d 384, 387 (10th Cir.), *cert. denied*, 351 U.S. 943, 76 S.Ct. 834, 100 L.Ed. 1469 (1956); *United States v. Odom*, 736 F.2d 104, 114–15 (4th Cir.1984); *United States v. Perez*, 651 F.2d 268, 273 (5th Cir.1981).

### II. Admission of Testimony of Unlisted Rebuttal Witness

 We review the admission of testimony from an unlisted rebuttal witness for abuse of discretion. *United States v. Willis*, 890 F.2d 1099, 1104 (10th Cir.1989). Given that Mr. Talk raised the issue of the victim's state of mind and the rebuttal witness, Ms. Wedeen, offered testimony bearing on the victim's state of mind after the rape, we cannot say that the district court abused its discretion by allowing the testimony to be admitted. *Id.* Mr. Talk has not demonstrated prejudice.

### III. Downward Departure

 Normally we have no jurisdiction to review district court refusals to depart from the Sentencing Guidelines. *United States v. Eagan*, 965 F.2d 887, 893 (10th Cir.1992). However, we review de novo the district court's interpretation that the Guidelines provide it no power to depart downward from the prescribed sentencing range. *United States v. Lowden*, 900 F.2d 213, 217 (10th Cir.1990).

Mr. Talk argues that the court possessed the power to depart downward based on his lack of sophistication, his responsibilities as a husband and father, and his situation of being raised on a Navajo Indian reservation. Mr. Talk's family and community ties and his race are explicitly mentioned in the Guidelines as being irrelevant for purposes of departure. *See* U.S.S.G. §§ 5H1.6 (family and community ties), 5H1.10 (race); *see also United States v. Prestemon*, 929 F.2d 1275, 1277 (8th Cir.) (cultural heritage does not warrant departure), *cert. denied*, —— U.S. ——, 112 S.Ct. 220, 116 L.Ed.2d 178 (1991); *United States v. Natal–Rivera*, 879 F.2d 391, 393 (8th Cir.1989) (same). *But see United States v. Big Crow*, 898 F.2d 1326, 1331–32 (8th Cir.1990) (poor economic conditions on Indian reservation coupled with defendant's exemplary employment record and extensive family obligations warranted departure).

 A defendant's sophistication, or lack thereof, is not specifically mentioned in the Guidelines as being relevant or irrelevant for purposes of departure. However, factors which contribute to one's sophistication such as age, education, and socio-economic status are mentioned as factors that may not serve as a basis for a departure. *See* U.S.S.G. §§ 5H1.1 (age), 5H1.2 (education), 5H1.10 (socio-economic status). Notwithstanding this language, the Ninth Circuit held the level of a defendant's sophistication to be a valid basis for an upward departure from the Guidelines. *United States v. Castro–Cervantes*, 911 F.2d 222, 224 (9th Cir.1990), *amended on other grounds*, 927 F.2d 1079 (9th Cir.1991). Similarly, the Second Circuit has held a defendant's lack of sophistication to be a valid basis for a downward departure. *United States v. Jagmohan*, 909 F.2d 61, 65 (2d Cir.1990).

While not foreclosing the possibility that lack of sophistication could provide a valid basis for an upward or a downward departure, depending on the crime and the circumstances, we hold that forcible rape is not a crime where sophistication or lack thereof would justify any departure.

### IV. Upward Adjustment for Use of Force

 We review de novo the district court's interpretation of the Sentencing Guidelines. *United States v. Amos*, 984 F.2d 1067, 1072 (10th Cir.1993). The district court did not apply a four-level upward adjustment

for use of force in connection with the rape because "the actions of the defendant were not at a level or degree that would justify a four-level adjustment pursuant to 2A3.1(b)(1)." VI R. at 429. The district court interpreted Guideline 2A3.1(b)(1) to mean that, even though a defendant is convicted under 18 U.S.C. § 2241, an upward adjustment is warranted only if there existed some degree of force that exceeded the "average" force necessary to rape someone. While we empathize with the district court's efforts to fashion a just sentence, the official commentary to the Guidelines is clear: "The base offense level represents sexual abuse as set forth in 18 U.S.C. § 2242. An enhancement is provided for use of force; threat of death, serious bodily injury, or kidnapping; or certain other means as defined in 18 U.S.C. § 2241." U.S.S.G. § 2A3.1, comment. (backg'd.). We read this commentary to mean that a four-level upward adjustment is mandatory for all defendants convicted under 18 U.S.C. § 2241. *See United States v. Bordeaux,* 997 F.2d 419, 420 (8th Cir.1993). Accordingly, the district court erred in failing to apply such a mandatory upward adjustment.

### V. Reduction for Acceptance of Responsibility

We review the district findings of fact under a clearly erroneous standard, *United States v. Amos,* 984 F.2d 1067, 1071 (10th Cir.1993), and give due deference to the district court's application of the guidelines to the facts. *Id.* at 1072. The district ruled that Mr. Talk was entitled to a two-level reduction for acceptance of responsibility. Sentencing Guideline § 3E1.1 provides for such a reduction "[i]f the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct...." Here, at sentencing Mr. Talk said: "I feel sorry for what she said I did, but I still believe I'm innocent." VI R. at 428. This is not a clear recognition and affirmative acceptance of responsibility. Accordingly, the district court clearly erred in finding that Mr. Talk had accepted responsibility for his actions.

We AFFIRM Mr. Talk's conviction and REMAND with instructions to vacate the sentence and resentence in accordance with this opinion.