**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

MARCOS A. GRAMAJO,

      Defendant - Appellant.

No. 13-3031
(D.C. No. 6:12-CR-10134-MLB-1)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

Marcos Gramajo appeals from his conviction for felon in possession of a firearm

and possession of a stolen firearm in violation of 18 U.S.C. § 922(g)(1) and (j).  He

claims he should have been granted a mistrial after the prosecution asked a question

inviting inadmissible hearsay evidence, even though the question was not answered and

---

[*] The parties have waived oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  This case is submitted for decision on the briefs.

This order and judgment is an unpublished decision, not binding precedent.  10th Cir. R. 32.1(A).  Citation to unpublished decisions is not prohibited.  Fed. R. App. 32.1. It is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value.  10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished).  *Id.*

the judge gave a curative instruction. He also claims the judge erroneously limited cross-examination, allowed impermissible rebuttal, and improperly gave the jury an "Allen-type"[1] instruction. We affirm.

**BACKGROUND**

On January 11, 2012, the Garden City Police Department in Kansas received a call about a burglary at a mobile home park. The resident, Rudolfo Diaz, had left the property on December 23, 2011, to visit family in Mexico. His brother Ezekiel had been checking the property in his absence and discovered the house trailer had been burglarized. A police officer arrived and walked through the trailer while Ezekiel pointed out items he believed to be missing. The officer also spoke with Rudolfo by telephone and made a preliminary list of the stolen items. The list included a gun safe containing a Winchester .22-caliber rifle and a 9 millimeter handgun, two cordless drills, a water heater, and titles to an automobile and a Winnebago.

When Rudolfo returned to his home on January 15, he met with Officer Omar Mora to list missing items, although it was not until a week later that he completed his inventory. On the first day home, Rudolfo reported missing other items, including among other things, ammunition, a Kirby vacuum cleaner, chrome wheels, and numerous tools marked with his name. He also reported receiving a call from a friend, Porfiro Madera, who reported seeing someone selling his tools from a white pickup truck parked in a store

---

[1] *See Allen v. United States*, 164 U.S. 492, 501 (1896), in which the Supreme Court upheld the legality of a supplemental instruction to a jury unable to reach a consensus.

parking lot. As Rudolfo thought about it, he recalled seeing a white pickup truck parked at a trailer a few lots down the street. He told the officer about it the day he returned and described the pickup owner's appearance.

Given the information from Rudolfo, and Officer Mora's previous contact with the pickup owner, Gramajo, Mora put together a photographic lineup and went to interview Madera. Madera identified Gramajo as the man selling the tools from the pickup. The next day, officers obtained and executed a search warrant at the nearby mobile home owned by Maria Perez, Gramajo's former girlfriend. In the master bedroom officers found a number of items appearing to be from the burglary. In the dresser drawer, officers found ammunition, including a magazine which fit a .22 Mossberg rifle hidden in the closet. They also found a letter mailed to Gramajo on October 24, 2011, at Perez's address, other papers belonging to Gramajo, a Kirby vacuum cleaner, and a guitar Rudolpho had reported as missing.

Rudolfo identified most of these items as those stolen from his residence, but at first, he denied the Mossberg rifle was his. Eventually, he explained he had not wanted to claim the rifle because he had purchased it from a friend and did not know if it was stolen. Officers later established it was not.

Gramajo was indicted on three counts: (1) felon in possession of a firearm, (2) being a felon in possession of ammunition, and (3) possession of a stolen firearm. At trial, Gramajo presented testimony from his sister and his brother who said Gramajo lived with his brother during December 2011 and January 2012, the approximate time of the

burglary. On cross-examination, the prosecutor asked Gramajo's brother the following questions:

> Q. Sir, do you know if your brother during [December 2011-January 2012] would have had access to [Maria Perez's] house . . .?
>
> A. I do not.
>
> Q. And he could have gone there and you wouldn't have known that; correct?
>
> A. I do not. I would not have known.
>
> Q. It's possible that that could have happened, isn't it?
>
> A. It's possible.
>
> Q. And are you aware that Maria Perez told the authorities that your brother had a key to that house?
>
> [Defense counsel objects and asks to approach the bench.]
>
> THE COURT: No. The objection is sustained and the jury will disregard the question.
>
> Q. Do you know if your brother had a key to that house?
>
> A. I have no idea.
>
> Q. Is it possible he had a key to that house and you wouldn't know it?
>
> A. I have no idea.

(Appellee's Supp. App'x at 306-07.)

After Gramajo presented his evidence, the prosecution offered the rebuttal testimony of Detective Mark Johnson who testified to a recorded conversation he had with Gramajo on January 16, 2012. According to Johnson, Gramajo told him he did not live with Maria Perez, but said "I'm not going to li[e] to you, yes, I go over [to Perez's house] when she needs money and stuff like that. I do go over there when I get paid. (*Id.*

- 4 -

at 310.)  Defense counsel objected to the testimony and suggested the prosecution had opened the door for the defense to elicit the remainder of Gramajo's statement—"he did not do the burglary and he did not sell the goods in [the parking lot] and . . . he didn't know any of that stuff was [in Perez's home]."  (*Id*. at 311.)  The judge decided Gramajo's exculpatory statements were inadmissible.

At the close of evidence, defense counsel moved for a mistrial based on the prosecutor's question regarding Perez's hearsay statement indicating Gramajo had a key to her home.  The judge denied the motion because it was never answered and he had given a limiting instruction.

The jury began deliberations at 12:12 p.m. and left for the night at around 5 p.m.  It returned at 9 a.m. the next day.  After the lunch break, it sent a note stating, "What should we do if we cannot come to a unanimous agreement to reach a verdict."  (*Id*. at 37.)  Over defense counsel's objection, the judge responded, "I have your note which I have discussed with counsel.  I want you to continue your deliberations.  Please review the instructions and remember that you must consider each count separately and reach separate verdicts on each count, if possible."  (*Id*. at 37.)

At 4 p.m., the jury returned with a guilty verdict as to counts one and three (felon in possession of firearm and possession of a stolen firearm), and not guilty as to count two (possession of ammunition).  Gramajo moved for a judgment of acquittal or in the alternative, a motion for a new trial.  The judge denied the motions.  Gramajo was sentenced to prison for 110 months, followed by three years of supervised release.

- 5 -

## DISCUSSION

A.    <u>Prosecutorial Misconduct</u>

We review a district court's denial of a motion for mistrial based on prosecutorial misconduct for an abuse of discretion. *United States v. Serrato*, 742 F.3d 461, 464 (10th Cir. 2014); *United States v. Gabaldon*, 91 F.3d 91, 93 (10th Cir. 1996). We focus on "whether the defendant's right to a fair and impartial trial was impaired." *Id.* (quotations omitted).

Gramajo maintains the prosecutor's question suggested his brother was "not up to speed" because he did not know if Gramajo had a key after Perez said he did. (Appellant's Br. at 11.) Thus, his brother's credibility was improperly challenged on the basis of a question about a hearsay statement. The government acknowledges the question contained hearsay, but claims there was no harm because (1) the question was not answered; (2) the judge immediately sustained defense counsel's objection and instructed the jury to disregard it; and (3) the judge later specifically instructed the jury that "statements, questions and argument of counsel are" not evidence. (Appellee's Supp. App'x at 30.) We agree.

"Absent evidence to the contrary, it is presumed that juries follow the trial court's instructions." *United States v. Santiago*, 977 F.2d 517, 520 (10th Cir. 1992). An improper comment cannot be considered "in a vacuum." *Gabaldon*, 91 F.3d at 95 (quotations omitted). The district judge is in the best position to evaluate the effect of the offending comment. *United States v. Small*, 423 F.3d 1164, 1180 (10th Cir. 2005). Without doubt, Gramajo's theory of defense—his absence from Perez's home as a basis

for his lack of knowledge regarding the burglary or the items found in the home—was challenged by the question. Nevertheless, we see no abuse of discretion in denying a motion for mistrial based on one unanswered question which the district judge immediately instructed the jury to disregard. The follow-up questions did not elicit hearsay and were relevant to the issues at trial. Moreover, there was abundant evidence of guilt. The fairness of the trial did not hang in the balance over an unanswered question.

B.      Cross-Examination of Rebuttal Witness

According to Gramajo, the judge erred in allowing Johnson's rebuttal testimony regarding Gramajo's voluntary statement about his visits to Perez's home. He offers two reasons: (1) it was improper rebuttal because the issue was not raised in Gramajo's defense; and (2) the full statement should have been allowed under Fed. R. Evid. 106.[2] The government contends Gramajo did not preserve his improper rebuttal argument. We generously construe counsel's objection—"we've never put in anything about the Defendant's statement"—and review his claim for an abuse of discretion. (Appellee's

_____

[2] Gramajo titles this argument as an improper restriction on his right to cross-examination. To the extent he is attempting to raise a Confrontation Clause issue, he did not raise it in the district court nor does he sufficiently argue it on appeal. His appellate briefs did not attempt to explain why the judge's decision rose to the level of plain error. "[W]e will not address the constitutional issue in the absence of a conclusion that it was plain error for the district court to fail to raise the constitutional issue *sua sponte*." *United States v. Solomon*, 399 F.3d 1231, 1237–38 (10th Cir. 2005). That said, the plain error standard does not apply "where the defendant has failed to argue on appeal that the district court committed plain error in not raising the constitutional issue *sua sponte*." *Id.* at 1238.

Supp. App'x at 309.) Gramajo's Rule 106 argument is also reviewed under an abuse of discretion. *See United States v. Talk*, 13 F.3d 369, 371 (10th Cir. 1993) ("We review the admission of testimony from an unlisted rebuttal witness for abuse of discretion.").

"Rebuttal evidence is evidence which attempts to 'disprove or contradict' the evidence to which it is contrasted." *Richie v. Mullin*, 417 F.3d 1117, 1138 (10th Cir. 2005) (McConnell, J., dissenting quoting Black's Law Dictionary 579 (7th ed. 1999)). "Whether or not rebuttal evidence is admissible depends on 'whether the initial proof might affect the case and whether the rebuttal evidence fairly meets the initial proof.'" *Id.* (quoting *Tanberg v. Sholtis*, 401 F.3d 1151, 1166 (10th Cir. 2005)). Gramajo maintains Johnson's testimony did not refute the testimony that he had moved to his brother's home during December 2011 and January 2012. However, the testimony regarding his change of address clearly was meant to invite the inference that Gramajo had no knowledge of what was in Perez's home during the relevant time period. Gramajo's admission to Johnson that he visited Perez's home contradicted this intentionally planted, false inference. The judge did not abuse his discretion in admitting the testimony in rebuttal.

Even so, Gramajo contends the admission of only a part of his statement was error under Rule 106, which provides: "If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part-- or any other writing or recorded statement--that in fairness ought to be considered at the same time." Even though Rule 106 mentions only writings and recorded statements, it is "substantially applicable to oral testimony, as well by virtue of Fed. R. Evid. 611(a),

- 8 -

which obligates the court to make the interrogation and presentation effective for the ascertainment of the truth." *United States v. Loya-Medina*, 596 F.3d 716, 734 (10th Cir. 2010) (quotations omitted). "'The purpose of Rule 106 is to prevent a party from misleading the jury by allowing into the record relevant portions of a writing or recorded statement which clarify or explain the part already received.'" *Id*. at 735 (quoting *United States v. Moussaoui,* 382 F.3d 453, 481 (4th Cir. 2004)). And the rule of completeness may be invoked to facilitate the introduction of otherwise inadmissible evidence when the court finds the proffered evidence should be considered contemporaneously. *Id*. at 735-36. Considerations include "whether (1) it explains the admitted evidence, (2) places the admitted evidence in context, (3) avoids misleading the jury, and (4) insures fair and impartial understanding of the evidence." *Id*. at 735 (quotations omitted).

Fairness, Gramajo says, required admission of his additional exculpatory statements to give "context" to his admission he went to and from the house. (Appellant's Br. at 18.) We are not convinced. Gramajo's self-serving denials of guilt in his discussion with Johnson do not explain or clarify his presence in Perez's home. The jury was not misled and the judge did not abuse his discretion by excluding these statements.[3]

---

[3] Because we find no error, we need not address Gramajo's cumulative error argument. *See United States v. Rogers*, 556 F.3d 1130, 1144 (10th Cir. 2009) (noting our review is limited to effect of matters determined to be error).

C.      Allen Instruction

Finally, Gramajo says an "*Allen* type instruction" improperly coerced the jury into reaching a verdict.  Generally, an *Allen* instruction may be given to urge a dead-locked jury to reconsider evidence "in the light of the views expressed by other jurors." *United States v. Cornelius*, 696 F.3d 1307, 1321 (10th Cir. 2012) (quotations omitted).  However, the instruction must not pressure the jury "such that the accuracy and integrity of the verdict becomes uncertain." *Id*. (quotations omitted).  "[W]e consider (1) the language of the instruction, (2) whether the instruction is presented with other instructions, (3) the timing of the instruction, and (4) the length of the jury's subsequent deliberations." *Id.* (quotations omitted).

Gramajo correctly notes the supplemental instruction was given alone, and the jury had expressed an inability to reach a unanimous verdict.  However, the judge's response was not coercive.  The jury was instructed to continue deliberation and to "[p]lease review the instructions and remember that you must consider each count separately and reach separate verdicts on each count if possible."  (Appellee's Supp. App'x at 325.)  This response, encouraging the jury to review earlier instructions, "did not pressure the jury" in an inappropriate manner, such as "emphasizing the expense of the trial, . . . [or] . . . suggest[ing] that the jury must reach a verdict." *United States v. Patterson*, 713 F.3d 1237, 1249 (10th Cir. 2013).  The instruction was given in the early afternoon and deliberations continued for over two hours before the verdict was reached.  Nothing supports the coerced verdict argument.

AFFIRMED.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge